Wilburn A. HENDERSON *v.* STATE of Arkansas

CR 92-579 844 S.W.2d 360

Supreme Court of Arkansas
Opinion delivered January 11, 1993

*Durrett & Coleman*, by: *Gerald A. Coleman* and *Therese H. Green*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Olan W. Reeves*, Senior Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant has been tried three times for the capital murder of Willa Dean O'Neal. Appellant's first trial ended in a mistrial. In the second trial, he was convicted of capital murder and received the death penalty. We affirmed his conviction and death penalty sentence in *Henderson* v. *State*, 279 Ark. 414, 652 S.W.2d 26 (1983). Appellant then sought and received a writ of habeas corpus from the federal court. *Henderson* v. *Sargent*, 926 F.2d 706 (8th Cir. 1991). The state retried the appellant, and he was again convicted of capital murder and received the death penalty. Appellant appeals to this court from his second conviction raising seven points of error. We affirm.

At approximately 2:00 p.m. on November 24, 1981, Willa O'Neal was found murdered in the furniture store she owned with her husband. The store's cash register was found opened and money was missing. The police had the following evidence against the appellant. Appellant fled to Houston when he found out he was a murder suspect. While he was incarcerated in Houston, he gave a statement saying that, while he was in the store at the time of the shooting, Ollie Brown was the triggerman. At the crime scene, the police found a piece of paper which showed a floor plan of a rental property and the phone number for the real estate agent. Appellant had been seen with this piece of paper a few days prior to the murder and had contacted the real estate agent and set up an appointment to see the property. Further, a few days before the murder, appellant had removed a .22 caliber pistol from a pawn shop and repawned that same pistol a few days after the murder. A .22 caliber pistol was the murder weapon, but ballistic experts could not eliminate nor positively identify appellant's pistol as the murder weapon.

In his first issue, the appellant argues that the trial court

erred in denying his motion to suppress his in-custody statement. We first note that the state argues that we should dismiss this argument under the doctrine of law of the case because the appellant raised this issue in the first appeal. The doctrine of law of the case prevents an issue raised in the first appeal from being raised in the second appeal, unless the evidence materially varies between the two appeals. *Bussard* v. *State*, 300 Ark. 174, 778 S.W.2d 213 (1989). The law of the case doctrine is not applicable here, because the appellant argues for the first time that his statement should be suppressed because of mental illness.

Appellant introduced testimony from two psychiatrists that the appellant had a prior history of mental illness and was diagnosed in 1962 as being schizophrenic. The State Hospital examined the appellant in 1981, the year he gave his statement to the police, and found no indication of psychosis.

In considering a motion to suppress an in-custody statement, this court makes an independent determination of the voluntariness of a confession, but does not set aside the trial judge's finding unless it is clearly against the preponderance of the evidence. *See Wainwright* v. *State*, 302 Ark. 371, 790 S.W.2d 420 (1990). In determining whether a statement is voluntary, this court considers the following factors: age of the accused, lack of education, low intelligence, lack of advice of constitutional rights, length of detention, repeated and prolonged questioning, and the use of physical punishment. *Id.*

Applying these factors to the facts of the present case, the appellant was thirty-eight at the time of the statement. He was incarcerated for two days in the Houston jail before the Fort Smith police officers arrived to question him. Captain Larry Hammond testified that the appellant signed the rights waiver, appeared to understand his rights and told the officers he would talk without a lawyer present. Further, appellant's own witness, Dr. Showalter, testified that the appellant was not retarded and had a basic level of intelligence. Based on these factors, we cannot say that the appellant's statement was not voluntary. While the appellant's witnesses established that he had a prior history of mental illness in 1962, the State Hospital examined the appellant around the time of the murder and the giving of his statement in 1981 and found no evidence of psychosis. Appellant's own witness

admitted that, while the appellant was diagnosed as being schizophrenic in 1962, those symptoms could have "burned itself out" by the time the appellant was examined in 1981. Lastly, we note that the appellant argues that *Mauppin* v. *State*, 309 Ark. 235, 831 S.W.2d 104 (1992), is controlling on this case. In *Mauppin*, the appellant had a self-inflicted gunshot wound to his head and had undergone brain surgery. The State Hospital found that Mauppin was unaware of the charges and proceedings against him. Clearly, the facts in the present case are distinguishable from *Mauppin*.

In the second issue, the appellant argues that the trial court erred in allowing the state to introduce into evidence a prior consistent statement of a rebuttal witness. Appellant's trial strategy was to point the finger at the victim's husband, Bob O'Neal. Evidence was presented to the jury showing that Bob was the last person to see the victim alive when he returned to the store to eat lunch. The state called Clarence Wilson as a rebuttal witness. Mr. Wilson testified that he saw the victim after 1:00 p.m., and at that time the victim told him that her husband had just been there for lunch but had returned to the job site. On cross-examination, the appellant established that Mr. Wilson did not testify to this fact in the federal habeas corpus proceeding. On re-direct, the trial court allowed the state to use a prior consistent statement that Mr. Wilson had told the police that when he last saw the victim she told him that her husband had just left.

Ordinarily, evidence of prior consistent statements is not admissible to bolster credibility because it is hearsay. *Todd* v. *State*, 283 Ark. 492, 678 S.W.2d 345 (1984). However, A.R.E. Rule 801(d)(1)(ii) provides for the following exemption:

A statement is not hearsay if:

(1) The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . (ii) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive,
. . .

This court has stated that when there is an express or implied charge that a witness has fabricated a statement that he is now

making under oath, it is then proper, and not hearsay, to show that he made the same statement before the motive for fabrication came into existence. *Brown* v. *State*, 262 Ark. 298, 556 S.W.2d 418 (1977). Such is the situation in the present case.

In the third issue, the appellant argues that the trial court erred in denying his motion for a continuance between the guilty and penalty phase of the trial. The jury returned with its verdict after 5:00 p.m., and the appellant's attorney requested a continuance of the penalty phase of the trial until the next morning. Appellant's attorney argued that his client was not in the frame of mind to get ready for the penalty phase of the trial. The prosecution strongly opposed the continuance noting that the alternate jurors had already been dismissed and the problem of possible juror contamination.

Appellant argues in his brief that he was prejudiced by the trial court's denial of his motion for a continuance, because the appellant did not take the witness stand. Appellant's attorney argues here that he was prejudiced because it was imperative for the jury to get an opportunity to meet him as a human being, and that if he had been given an overnight continuance he could have convinced the appellant to testify. Further, the appellant argues that when appellant's mother took the stand, she criticized the jurors for their verdict because she was upset.

Whether to grant a continuance is addressed to the sound discretion of the trial court, and this court will not reverse unless the trial court's discretion has been abused. *Parker* v. *State*, 292 Ark. 421, 731 S.W.2d 756 (1987). The burden is on the appellant to show that there has been an abuse of the trial court's discretion in denying the continuance. *Id.*

Under the facts of this case, we cannot say that the trial court abused its discretion. The appellant's attorney had represented the appellant for two years. As the state argues, this is ample time to prepare for one's strategy. Further, since the appellant had already once been convicted for this murder, we fail to see how he could be so shocked and surprised at the verdict that he could not cooperate with his attorney in his defense at the penalty phase. On the other hand, appellant's choice not to testify and use that as the reason to request a continuance places him in the position to manipulate the court. This is especially true here

since appellant's attorney failed to proffer any testimony from the appellant, nor can we be sure that he would have taken the stand if he had been given a continuance.

■ Appellant attacks the constitutionality of the death penalty statute, Ark. Code Ann. § 5-4-603 (Supp. 1991), by arguing in his fourth point, that the statute requires a mandatory death sentence, is arbitrary and capricious and provides for no mandatory appeal. We summarily dismiss this argument by noting that this court has previously addressed and rejected these constitutional challenges to the death penalty statute. *Johnson* v. *State*, 308 Ark. 7, 823 S.W.2d 800 (1992); *Coulter* v. *State*, 304 Ark. 527, 804 S.W.2d 348 (1991).

■■ We can also summarily dismiss the appellant's fifth and sixth points. In appellant's fifth point, he argues that he must be charged by a grand jury instead of an information. This court has repeatedly rejected this argument. *See, e.g., Ruiz* v. *State*, 299 Ark. 144, 772 S.W.2d 297 (1989). Next, the appellant argues that the trial court erred in not granting his motion to argue first and last in the penalty phase. We have held that the prosecutor has the right to close argument in the penalty phase because the state has the burden of proof. *Pickens* v. *State*, 292 Ark. 362, 730 S.W.2d 230 (1987).

■ In his final argument, the appellant argues that this court should set aside his death sentence upon comparative review. In conducting a comparative review of death penalty cases, this court considers the following things: 1) whether the sentence was the result of passion, prejudice, or any arbitrary factor; 2) whether the evidence supports the jury's finding of any statutory aggravating circumstances; 3) whether the evidence supports the jury's findings on the question of whether the mitigating circumstances outweigh aggravating ones; and 4) whether the sentence is excessive.

The jury found two aggravating circumstances in the present case: appellant previously committed another felony of which an element is a threat of violence to another person, created a substantial risk of death or serious physical injury to another person; and the capital murder was committed for pecuniary gain. The jury, unanimously, did not find any mitigating factors.

In applying the factors set out above, we do not find that the jury's verdict was the result of passion, prejudice or any other arbitrary factor. We find such a holding consistent with other death penalty cases, where the death penalty was given for murders committed during robberies. *See Whitmore* v. *State*, 296 Ark. 308, 756 S.W.2d 890 (1988); *Snell* v. *State*, 290 Ark. 503, 721 S.W.2d 628 (1986); *Fretwell* v. *State*, 289 Ark. 91, 708 S.W.2d 630 (1986).

For the reasons stated above, we affirm. The record has been examined in accordance with Ark. Sup. Ct. R. 11(f), and it has been determined that there were no rulings adverse to the appellant which constituted prejudicial error.