Michael WATSON *v*. STATE of Arkansas

CR 97-204                                     951 S.W.2d 304

Supreme Court of Arkansas
Opinion delivered September 18, 1997

*Alvin Schay*, for appellant/cross-appellee.

*Winston Bryant*, Att'y Gen., by: *C. Joseph Cordi, Jr.*, Asst. Att'y Gen., for appellee/cross-appellant.

DAVID NEWBERN, Justice. Michael Watson was convicted of two counts of first-degree battery, one count of felon in possession of a firearm, and one count of terroristic threatening. The evidence showed that Mr. Watson shot and injured Kenyon Coleman and Jonathan Young and pointed his pistol at Tremmel Prudhomme outside a fraternity house in Arkadelphia while a party was in progress. He was sentenced to 102 years in prison. Mr. Watson's sole point of appeal relates to the battery convictions. He contends the Trial Court erred in refusing to instruct the jury on the lesser-included offense of second-degree battery. We affirm because no such instructions were proffered to the Trial Court.

■ On numerous occasions, most recently in *Dixon v. State*, 327 Ark. 105, 937 S.W.2d 642 (1997), and *Wallace v. State*, 326 Ark. 376, 931 S.W.2d 113 (1996), we have restated the rule that an appellant who seeks reversal based on the failure to instruct the jury as requested by the appellant must present a record showing a proffer of the requested instruction. The record in this case does not contain any such proffer; thus, we must affirm on the point without further consideration.

The State has cross-appealed from a directed verdict or dismissal granted in Mr. Watson's favor with respect to a charge of terroristic act. Ark. Code Ann. § 5-13-310(a)(2) (Repl. 1993). The statute prohibits shooting "with the purpose to cause injury to persons or property at an occupiable structure." As abstracted by Mr. Watson, it appears that the Trial Court granted a directed-verdict motion but in the course of doing so said the charge was "dismissed" because Mr. Watson was shooting at a person rather than at an occupiable structure.

■ Whether the charge was dismissed due to a technical defect or resulted in no conviction because of insufficiency of the evidence, it is apparent that the language of the allegation is significant. We have no idea what the allegation was because neither Mr. Watson nor the State has abstracted an information or amended information charging Mr. Watson with a terroristic act. It is an appellant's, in this case a cross-appellant's, duty to present a record to the Court sufficient to permit review of the error it asserts. Failure to abstract a critical document precludes this Court from considering issues concerning it. *Jackson v. State*, 316 Ark. 509, 872 S.W.2d 400 (1994); *Porchia v. State*, 306 Ark. 443, 815 S.W.2d 926 (1991).

Affirmed on appeal and affirmed on cross-appeal.

ARNOLD, C.J., not participating.