Kimberly BEAVERS *v.* STATE of Arkansas

CR 00-615                                      46 S.W.3d 532

Supreme Court of Arkansas
Opinion delivered June 21, 2001

*Alvin D. Clay*, for appellant.

*Mark Pryor,* Att'y Gen., by: *Kent G. Holt,* Ass't Att'y Gen., for appellee.

W.H. "DUB" ARNOLD, Chief Justice. Appellant, Kimberly Beavers, was convicted as an accomplice to Joseph Hill and Tavoris Thomas of aggravated robbery and theft of property for the June 11, 1997, robbery of the Golden Corral Restaurant. She was sentenced pursuant to a sentence enhancement provision to life imprisonment in the Arkansas Department of Correction. We affirm her conviction and sentence.

Prior to being charged in the present case, appellant was charged on July 9, 1997, with capital murder and aggravated robbery for an offense that occurred at the Back Yard Burger on July 1, 1997. The State elected to prosecute the Back Yard Burger offense prior to the present offense, which occurred at the Golden Corral. Appellant was convicted by a jury in the Back Yard Burger case of first-degree murder and aggravated robbery. She was sentenced to two consecutive ten-year sentences in the Arkansas Department of Correction.

In the present case, the State used the two convictions in the Back Yard Burger case to enhance appellant's sentence. The felony information was amended on September 1, 1999, to include an allegation that appellant had previously been convicted of two serious felonies involving violence and that her sentence should be enhanced pursuant to Ark. Code Ann. § 5-4-501(d) (Repl. 1997). Appellant objected to the sentence enhancement, but the trial court determined that the enhancement was proper and, after appellant was convicted by a jury, the court sentenced appellant to life in the Arkansas Department of Correction on the aggravated-robbery count and merged the misdemeanor theft-of-property count. It is from this judgment and conviction that appellant now appeals.

For her appeal, appellant asserts the following points for reversal:

1) The trial court erred in failing to allow appellant to use prior testimony of a witness for rehabilitation after the State used prior testimony to impeach the witness;

2) The trial court erred in allowing the State to use two prior convictions to enhance appellant's sentence where the two prior convictions resulted from offenses committed after the present offense;

3) There was insufficient evidence to support the conviction of appellant since the only evidence connecting appellant to the offense was a statement by a co-defendant who later recanted his statement.

## I. Sufficiency of the Evidence

██ Double jeopardy considerations require this Court to consider a challenge to the sufficiency of the evidence before other points are raised. *See Jones v. State*, 336 Ark. 191, 984 S.W.2d 432 (1999); *Conner v. State*, 334 Ark. 457, 982 S.W.2d 655 (1998); *Britt v. State*, 334 Ark. 142, 974 S.W.2d 436 (1998). When a defendant makes a challenge to the sufficiency of the evidence on appeal, we view the evidence in the light most favorable to the State. *See Jones v. State, supra; Bell v. State*, 334 Ark. 285, 973 S.W.2d 806 (1998); *Bailey v. State*, 334 Ark. 43, 972 S.W.2d 239 (1998). Evidence, whether direct or circumstantial, is sufficient to support a conviction if it is forceful enough to compel reasonable minds to reach a conclusion one way or the other. *See Wilson v. State*, 332 Ark. 7, 962 S.W.2d 805 (1998). On appeal, this court does not weigh the evidence presented at trial, as that is a matter for the fact-finder; nor do we assess the credibility of the witnesses. *See id.*

██ ██ In the instant case, the appellant asserts that the trial court erred in denying her motion for a directed verdict. However, appellant failed to properly preserve the motion for appeal. At the close of the State's case, defense counsel made the following motion:

> DEFENSE COUNSEL: Judge, at this time we'd make a motion for directed verdict based upon the insufficiency of the evidence. We don't feel that the State has established a prima facie case of theft of property and aggravated robbery.

In *Conner v. State, supra,* this Court said that:

> [i]n order to preserve a challenge to the sufficiency of the evidence, an appellant must make a specific motion for a directed verdict which advises the trial court of the exact element of the crime that the State has failed to prove. *Fultz v. State*, 333 Ark. 586, 972 S.W.2d 222 (1998); *Dulaney v. State*, 327 Ark. 30, 937 S.W.2d 162 (1997). In contrast, a general motion that merely asserts that the State has failed to prove its case in inadequate to preserve the issue for appeal. *See, e.g., Crisco v. State*, 328 Ark. 388, 943 S.W.2d 582

(1997)(claiming that the Stated failed "to prove a prima facie case")[.]

*Id.*, 334 Ark. at 464, 982 S.W.2d at 658. We hold that, having failed to make a specific motion for directed verdict, the appellant's sufficiency challenge was not properly preserved for appeal.

## II. Prior Testimony of a Witness

The appellant asserts that the trial court erred in failing to allow her defense counsel to use former testimony to "rehabilitate" the witness, Joseph Hill, who was the appellant's codefendant in this case and another separate but related case (the Back Yard Burger case), after the State impeached Hill with his testimony from a former trial.

Joseph Hill had previously entered into a plea agreement with the State whereby he agreed to testify truthfully at appellant's trials in exchange for a life sentence in the Back Yard Burger case and the present case. He did testify in the Back Yard Burger case and made statements that appellant was involved in the offense committed at the Golden Corral (the instant case). He was later called as a witness in the State's first attempt to prosecute this case, which resulted in a mistrial. At that trial, Mr. Hill first attempted to exercise his Fifth Amendment rights, but then testified that appellant was not involved in the offense at the Golden Corral.

The State anticipated that Mr. Hill would again attempt to exercise his Fifth Amendment rights at the present trial and requested that the trial court treat him as "unavailable," should he attempt to exercise his rights and allow the State to use his testimony from the Back Yard Burger case. Over the appellant's objection, the trial court allowed the State to call Joseph Hill and to use his prior testimony if he refused to testify. When Mr. Hill was called by the State, he did exercise his Fifth Amendment rights, and appellant was permitted to cross-examine him before the State could use the prior testimony.

During cross-examination, Mr. Hill testified that appellant was not involved in the aggravated robbery and theft of property at the Golden Corral, just as he had testified at the previous trial, which had ended in a mistrial. During re-direct examination, the trial court permitted the State, over the appellant's objection, to use Mr. Hill's testimony from the Back Yard Burger case to impeach

him. When appellant attempted during re-cross-examination to use the testimony of Mr. Hill from the mistrial to attempt to rehabilitate him, the State objected and the trial court refused to allow appellant to use this prior testimony of Mr. Hill. Appellant asserts that the trial court erred in this regard. We disagree and hold that, as the witness's testimony was not in conflict with his second statement made in the first Golden Corral trial, it would not have been admissible. Further, the appellant, having obtained the testimony of the witness allegedly absolving her of responsibility for the crimes and a statement that the witness testified the same way in the first Golden Corral trial, is unable to show prejudice.

Appellant asserts that Hill, having pled guilty to the charges regarding the Back Yard Burger robbery and murder, as well as the Golden Corral robbery, had effectively waived his Fifth Amendment privilege against self-incrimination. Appellant's point is well-taken, and the trial court appears to have ruled in the appellant's favor in allowing cross-examination as the situation developed. *See Namet v. United States*, 373 U.S. 179 (1963)(a "plea of guilty to [a particular] charge would erase any testimonial privileges as to that conduct."); *Reina v. United States*, 363 U.S. 507 (1961)("Ordinary rule is that once a person is convicted of a crime he no longer has privilege against self-incrimination.")

■ The issue then becomes what, if any, former testimony would be allowed. Rule 802 of the Arkansas Rules of Evidence provides that "[h]earsay is not admissible except as provided by law or by these rules." However, Rule 801(d) provides, in pertinent part, the following:

(d)   A statement is not hearsay if:
(1)   *Prior Statement By Witness.* The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . .
(ii)  consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive.

When there is an express or implied charge that a witness has fabricated a statement that he is now making under oath, it is then proper, and not hearsay, to show that he made the same statement before the motive for fabrication came into existence. *Gaines v. State*, 340 Ark. 99, 8 S.W.3d 547 (2000); *Henderson v. State*, 311 Ark. 398, 844 S.W.2d 360 (1993). For this rule to apply, the prior consistent statement must be made before a motive to falsify has

arisen or before the witness would foresee its effects upon the fact issue. *See Henderson v. State, supra.*

After Hill indicated that he would not testify in this case, appellant's counsel cross-examined him, and he explained the testimony in the Back Yard Burger case that inculpated the appellant in both that case and the Golden Corral case. In addition to testifying *about* his testimony in the Back Yard Burger case, Hill also *testified* regarding the Golden Corral robbery in the following manner:

DEFENSE COUNSEL: Do you recall testifying in another proceeding involving Golden Corral, case number 97-3182, the last time you were here?

WITNESS: No sir.

DEFENSE COUNSEL: Okay. Do you ever recall testifying that Ms. Beavers did not drive you to the Golden Corral?

WITNESS: Can you repeat the question?

DEFENSE COUNSEL: Do you ever recall giving testimony that Ms. Beavers did not participate in the robbery of the Golden Corral the last time that you were here?

WITNESS: Yes, sir.

DEFENSE COUNSEL: That testimony was different from the testimony that you initially gave, wasn't it?

WITNESS: Yes, sir.

DEFENSE COUNSEL: And the last time you were here, you said that Ms. Beavers had absolutely nothing to do with it, is that correct?

WITNESS: Yes, sir.

DEFENSE COUNSEL: In fact, in your second statement, the one after the first, you said that you got to the Golden Corral on your own, didn't you?

WITNESS: Yes, sir.

DEFENSE COUNSEL: And that statement was certainly different from the first, wasn't it?

WITNESS: Yes, sir.

DEFENSE COUNSEL: In the second statement, you said that you drove the car, didn't you?

WITNESS: Yes, sir.

\* \* \*

DEFENSE COUNSEL: In the second statement, you basically said that you were lying in that initial statement, is that correct?

WITNESS: Yes, sir.

DEFENSE COUNSEL: You said you were lying because Ms. Beavers did not drive the car and she did not participate in the aggravated robbery. Those were your words, correct?

WITNESS: Yes, sir.

With the witness having testified to the version of events consistent with his testimony (recantation) in the first trial of this matter, there then existed no reason for the appellant to use the testimony. Moreover, appellant's counsel questioned Hill who, as a result, testified that the appellant did not participate in the Golden Corral robbery. It seems clear that appellant obtained the exact testimony she wanted; Hill testified that she did not participate in the Golden Corral robbery.

■ A party cannot complain of getting what they want. *See Echols v. State*, 326 Ark. 917, 956, 936 S.W.2d 509, 528 (1996), *cert. denied*, 520 U.S. 1244 (1997). Here, the jury heard and was able to evaluate the State's evidence and that of the appellant as to how the Golden Corral robbery occurred. Even assuming that Hill's former testimony in the Back Yard Burger case was only admissible to impeach the version he gave at the second trial, appellant's counsel did not request any limiting instruction, and the jury could consider the former testimony as substantive evidence. *See* Ark. R. Evid. 105; *Frazier v. State*, 323 Ark. 350, 915 S.W.2d 691 (1996).

■ In short, because appellant was able to obtain the testimony she wanted, that being that she did not participate in the

Golden Corral robbery, she is unable to show how the rulings by the trial court on this point prejudiced her in any way. We, therefore, find no error on this point.

### III. Convictions for Offenses that Occurred after the Charged Offense used for Enhancement

The appellant argues that she is not subject to the enhanced range of punishment under Ark. Code Ann. § 5-4-501(d)(1) because the offenses on which her prior violent felony convictions are based occurred *after* the offense for which she was convicted in the instant case. This argument is without merit.

In this case, the State sought enhanced punishment under the provisions of Ark. Code Ann. § 5-4-501. The State put the appellant on notice that it would seek sentence enhancement under both the subsection involving multiple felonies and the more severe subsection involving multiple violent felonies. *See* Ark. Code Ann. § 5-4-501(a)(1) and (d)(1).

■■ There is no question that the appellant's convictions for murder and aggravated robbery stemming from the Back Yard Burger case, occurred *after* the Golden Corral robbery, which is the subject of *this* case. We have held that the provisions of the Arkansas Habitual Criminal Statute, to which Ark. Code Ann. § 5-4-501(d)(1) is a relatively recent addition, are not deterrent, but punitive in nature, so that a prior conviction, *regardless of the date of the crime*, may be used to increase punishment. *Gillie v. State*, 305 Ark. 296, 808 S.W.2d 320 (1991); *see also Washington v. State*, 273 Ark. 482, 621 S.W.2d 216 (1981).

■■ The appellant's sentence was enhanced under Ark. Code Ann. § 5-4-501(d)(1), which states the following:

> (d)(1) A defendant who is convicted of a felony involving violence enumerated in subdivision (d)(2) of this section and who has previously been convicted of two (2) or more of the felonies involving violence enumerated in subdivision (d)(2) of this section shall be sentenced to an extended term of imprisonment, without eligibility except under § 16-93-1302 for parole or community punishment transfer[.]

The statute plainly speaks in terms of the *conviction* date of the offenses and not the dates of the actual crimes. The date of the

*offense* is immaterial, and this has been evidenced in other aspects of sentencing, as well. *See Williams v. State*, 338 Ark. 97, 991 S.W.2d 565 (1999)(use of prior-violent-felony evidence admissible regardless of whether it pre- or postdated the offense being tried.)

In short, with the date of the offense being immaterial to the application of the code provision that permits enhancement for prior convictions with offenses committed subsequent to the charged offense, we hold that the trial court did not err in enhancing appellant's sentence accordingly.

### IV. Rule 4-3(h) Compliance

The record has been reviewed for prejudicial error pursuant to Ark. Sup. Ct. R. 4-3(h), and no reversible errors were found.

Affirmed.