Thomas Lee PRATT *v.* STATE of Arkansas

CR 03-1407

194 S.W.3d 183

Supreme Court of Arkansas
Opinion delivered September 30, 2004

*Dwain Oliver,* for appellant

*Mike Beebe,* Att'y Gen., by: *Valerie L. Kelly,* Ass't Att'y Gen., for appellee.

RAY THORNTON, Justice. Appellant, Thomas Lee Pratt, was convicted of rape and was sentenced to life imprisonment in the Arkansas Department of Correction. This conviction stems from the rape of G.B., who was three years old at the time that the offense occurred.

On November 12, 2002, G.B. told her babysitter, Tricia Margrave, that appellant had raped her. Ms. Margrave contacted G.B.'s parents. Law enforcement officials were also notified. In an interview with the State Police, G.B. once again described appellant's actions. G.B. told an investigator that appellant instructed her to put her hands on his penis. She also told the investigator that appellant put his finger in her vagina.

On the evening of the incident, appellant turned himself into the Hot Springs Police Department. The next day, Will Steed, an officer with the Clark County Sheriff's Department, went to Garland County to transport appellant back to Clark County. Officer Steed informed appellant of his *Miranda* rights, and appellant signed a form acknowledging that he understood his rights. Thereafter, appellant confessed to raping G. B. Specifically, appellant told Officer Steed that while he was masturbating and looking

at pornographic material on the Internet G.B. entered the room. After giving G.B. instructions on masturbation, appellant had G.B. touch his penis. Appellant also told Officer Steed that G.B. "licked his penis" and that in an effort to get G.B. to put her mouth on his penis, he put peanut butter on it. Finally, appellant told Officer Steed that he put his finger inside G.B.'s vagina and rubbed her anus.

On November 18, 2002, a criminal information was filed charging appellant with rape in violation of Ark. Code Ann. § 5-14-103 (Supp. 2001). On August 1, 2003, appellant filed a motion seeking to suppress the statements that he made to law enforcement officials. On the same day, appellant filed motions seeking to determine whether G.B. was competent to testify and seeking to suppress evidence obtained during the State Police's interview with G.B.

On August 4, 2003, a hearing was held on appellant's motions. After hearing the evidence and considering the arguments, the trial court denied appellant's motions to suppress. The trial court also concluded that G. B.'s statements possessed sufficient guarantees of trustworthiness and relying on Rule 804 of the Arkansas Rules of Evidence, found that G.B. did not have to undergo cross-examination.

On August 25, 2003, appellant's jury trial was held in Clark County Circuit Court. At the close of the evidence, appellant's attorney made a general motion for a directed verdict. The trial court denied appellant's motion. The trial court also denied appellant's request for two jury instructions on offenses that appellant considered to be lesser-included offenses of rape. Thereafter, the jury found appellant guilty, and he was sentenced.

It is from this conviction that appellant appeals. On appeal, appellant raises four points for our consideration, and we affirm the trial court on all points.

▉▉▉ In his fourth point on appeal, appellant argues that the trial court erred when it denied his request for a directed verdict. A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Smith v. State*, 352 Ark. 92, 98 S.W.3d 433 (2003). Although appellant raises this issue as his final point on appeal, double-jeopardy considerations require us to consider a challenge to the sufficiency of the evidence before other points are raised. *Bowen v. State*, 342 Ark. 581, 30 S.W.3d 86 (2000). In *Beavers v. State*, 345 Ark. 291, 46 S.W.3d 532 (2001), we outlined

the standard of review that we follow when the sufficiency of the evidence is challenged. We wrote:

> When a defendant makes a challenge to the sufficiency of the evidence on appeal, we view the evidence in the light most favorable to the State. Evidence, whether direct or circumstantial, is sufficient to support a conviction if it is forceful enough to compel reasonable minds to reach a conclusion one way or the other. On appeal, this court does not weigh the evidence presented at trial, as that is a matter for the fact-finder; nor do we assess the credibility of the witnesses.

*Id.* (internal citations omitted).

Rule 33.1 of the Arkansas Rules of Criminal Procedure explains the procedure a criminal defendant must follow when making a proper motion for directed verdict. The Rule provides:

> (a) In a jury trial, if a motion for directed verdict is to be made, it shall be made at the close of the evidence offered by the prosecution and at the close of all of the evidence. A motion for directed verdict *shall state the specific grounds therefor.*
>
> * * *
>
> (c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. *A motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense.*

*Id.* (emphasis added).

 Rule 33.1 is strictly construed. *Grady v. State,* 350 Ark. 160, 85 S.W.3d 531 (2002). Based on the language in Rule 33.1, we have explained that in order to preserve a challenge to the sufficiency of the evidence, an appellant must make a specific motion for a directed verdict that advises the trial court of the exact element of the crime that the State has failed to prove. *Beavers, supra.* The reason underlying our requirement that specific

grounds be stated and that the absent proof be pinpointed is that it allows the trial court the option of either granting the motion, or, if justice requires, may allow the State to reopen its case and supply the missing proof. *Grady, supra.* Finally, we have held that a general motion that merely asserts that the State has failed to prove its case is inadequate to preserve the issue for appeal. *See id; Beavers, supra.*

Mindful of the foregoing principles, we now consider whether the directed–verdict motion made by appellant's attorney preserved for appeal the issue of the sufficiency of the evidence. At the close of the State's case-in-chief, the following colloquy occurred:

> DEFENSE ATTORNEY: Your honor, I'd like to move for a directed verdict at this time, for the record, based upon the fact that no evidence has been presented which should take the case to the jury.

> TRIAL COURT: Motion is denied, based upon the evidence presented so far and exhibits introduced.

> * * *

> DEFENSE ATTORNEY: Your honor, I have no witnesses. Basically, we rest our case and I'd like to again renew my motion.

After reviewing the motions made by appellant's attorney, we conclude that they do not comply with Rule 33.1. Specifically, appellant's motion requesting a directed verdict was a general challenge to the sufficiency of the evidence. In the motion, appellant's attorney failed to identify a specific element of the crime that was not established by the State. Additionally, the motion did not assert a specific flaw in the State's case. Because appellant's motion for directed verdict was general and did not inform the trial court of the specific issues in the State's case that were being challenged, it did not comply with the requirements of Rule 33.1. Because we require a strict interpretation of that rule, we cannot consider appellant's sufficiency argument on appeal.

Appellant next argues that the trial court erred when it denied his motion to suppress statements that he made to law enforcement officials while he was in custody. Appellant argues that his statement should have been suppressed because he did not "expressly" waive his *Miranda* rights.

In our review of a trial court's ruling on the voluntariness of a confession we make an independent determination based upon the totality of the circumstances. *Grillot v. State*, 353 Ark. 294, 107 S.W.3d 136 (2003). A statement made while in custody is presumptively involuntary, and the burden is on the State to prove by a preponderance of the evidence that a custodial statement was given voluntarily and was knowingly and intelligently made. *Standridge v. State*, 357 Ark. 105, 161 S.W.3d 815 (2004). In order to determine whether a waiver of *Miranda* rights is voluntary, we look to see if the confession was the product of free and deliberate choice rather than intimidation, coercion, or deception. *Id.*

To determine whether the trial court erred when it denied appellant's motion to suppress, we must review the facts surrounding appellant's statement. At the suppression hearing, Will Steed, a criminal investigator with the Clark County Sheriff's Department, testified. Mr. Steed transported appellant from Garland County to Clark County on November 13, 2002. Prior to leaving Clark County, Mr. Steed informed appellant of his *Miranda* rights and appellant signed a statement-of-rights form acknowledging that he understood his rights. Mr. Steed further testified that in his opinion appellant understood his *Miranda* rights and chose to waive them. Thereafter, appellant confessed to raping G.B. Appellant's confession was audiotaped and transcribed. At the time the confession was made, Mr. Steed and appellant were alone in the car. Mr. Steed testified that he did not make any threats or promises to appellant in exchange for his confession. Based on the totality of the circumstances, we conclude that appellant waived his *Miranda* rights and voluntarily confessed to the crime. Accordingly, the trial court properly denied appellant's motion to suppress.

Before leaving this issue, we note that in his brief appellant cites *Brewer v. Williams*, 430 U.S. 387 (1977), and argues that in order for a criminal defendant to waive his *Miranda* rights an "affirmative relinquishment" is required. In *Brewer*, the United State Supreme Court held that "in determining the question of waiver as a matter of federal constitutional law . . . it was incumbent upon the State to prove an intentional relinquishment or abandonment of a known right or privilege." *Id.* The Court further noted that "waiver requires not merely comprehension [of

one's rights] but relinquishment." *Id.* Having outlined these principles, the Court evaluated the facts surrounding the confession made by the criminal defendant and concluded that he "effectively asserted his right[s]." *Id.*

Applying the principles discussed in *Brewer* to the case now before us, we conclude that appellant's actions demonstrated an intentional relinquishment of his *Miranda* rights. Specifically, Officer Steed informed appellant of his *Miranda* rights. Appellant signed a form acknowledging that he understood those rights. Thereafter, appellant confessed to raping G.B. Appellant intentionally abandoned his *Miranda* rights. Accordingly, the trial court correctly denied appellant's motion to suppress.

In appellant's next point on appeal, he argues that the trial court erred when it denied his motion to determine the ability of G.B. to testify and when it denied his motion *in limine* to exclude the transcript of the State Police's interview with G.B. Based on the trial court's denial of appellant's motions, hearsay testimony regarding G.B.'s statements was admitted into evidence, and appellant was not permitted to cross-examine G.B. A trial court's rulings on matters pertaining to the admission of evidence is within the judge's discretion and his rulings will not be set aside absent an abuse of discretion. *Jameson v. State*, 333 Ark. 128, 970 S.W.2d 785 (1998). In the case now before us, the trial court's rulings were based on Rule 804 of the Arkansas Rules of Evidence. The Rule in relevant part provides:

> (b) *Hearsay Exceptions.* The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> \* \* \*
>
> (7) *Child hearsay in criminal cases.* A statement made by a child under the age of ten (10) years concerning any type of sexual offense against that child, where the Confrontation Clause of the Sixth Amendment of the United States is applicable, provided:
>
> (A) The trial court conducts a hearing outside the presence of the jury, and, with the evidentiary presumption that the statement is unreliable and inadmissible, finds that the statement offered possesses sufficient guarantees of trustworthiness that the truthfulness of the child's statement is so clear from the surrounding circumstances

that the test of cross-examination would be of marginal utility. The trial court may employ any factor it deems appropriate including, but not limited to those listed below, in deciding whether the statement is sufficiently trustworthy.

1. The spontaneity of the statement.

2. The lack of time to fabricate.

3. The consistency and repetition of the statement and whether the child has recanted the statement.

4. The mental state of the child.

5. The competency of the child to testify.

6. The child's use of terminology unexpected of a child of similar age.

7. The lack of a motive by the child to fabricate the statement.

8. The lack of bias by the child.

9. Whether it is an embarrassing event the child would not normally relate.

10. The credibility of the person testifying to the statement.

11. Suggestiveness created by leading questions.

12. Whether an adult with custody or control of the child may bear a grudge against the accused offender, and may attempt to coach the child into making false charges.

*Id.* We have summarized Rule 804(b)(7) as follows:

Rule 804(b)(7) provides that the hearsay statement of a child who is under ten years of age and unavailable as a witness, is presumed unreliable and inadmissible unless the trial court, after conducting a hearing outside the presence of the jury, finds the statement possesses guaranties of trustworthiness that the truthfulness of the child's statement is so clear from the surrounding circumstances that the test of cross-examination would be of marginal utility.

*Jameson, supra.*

In the case now before us, a hearing was held to consider appellant's motions. At the hearing, the State informed the trial court that based on G.B.'s age and her inability to understand oaths it did not intend to call her as a witness. The State further explained that G.B. had "made some statements which we feel like are trustworthy and reliable." Based on this belief, the State requested that the trial court permit hearsay testimony of G.B.'s statements pursuant to Rule 804. In support of its request, the State presented the testimony of Melissa Dickerson, an investigator with the Arkansas State Police. She testified that she interviewed G.B. on November 13, 2002. G.B. was three years old at the time of the interview, and Ms. Dickerson explained that she was a "very active little girl" who had trouble "focusing" and used hand motions rather than words in response to some of Ms. Dickerson's questions. Prior to being interviewed by Ms. Dickerson, G.B. had spoken to her mother, her babysitter, doctors, and a social worker about the rape. Ms. Dickerson testified that G.B. told the "same story" to each individual. Ms. Dickerson further testified that G.B. told her that appellant "put catsup on . . . his booty," which Ms. Dickerson explained was appellant's genital area. Ms. Dickerson also testified that G.B. used hand motions to describe to her that appellant had instructed G.B. to "masturbate" his penis. Ms. Dickerson also stated that G.B. communicated to her that appellant touched G.B.'s "vaginal area" with his finger. Ms. Dickerson testified that she thought that G.B. was "truthful" and that G.B. had been "raped." Additionally, Ms. Dickerson testified that she did not detect any "ill feelings" towards appellant that would have caused a fabricated story.

After considering the testimony and arguments on this issue, the trial court found:

> [T]he Court having heard the testimony and the other evidence that's been introduced and proceeding in the hearing with the evidentiary presumption that the statement is unreliable and inadmissible as a child, finds that the statement . . . does possess sufficient guarantees of trustworthiness . . . the truthfulness of the child's statement is clear from the surrounding circumstances and that she has given the statement to her mom, the doctor, babysitter, and also to Ms. Melissa Dickerson. And the statement given to Ms. Dickerson was . . . spontaneous. With the child being three years old, I don't know if they have the ability to use time to fabricate statements or actions that they relate to people. She's been consistent and hasn't recanted. She used terms of that you wouldn't

expect a child to talk about putting catsup on the areas of the body where she describes that, or a child that age touching an adult male in the manner that she was demonstrating to Ms. Dickerson. [sic] There's certainly no evidence that there was any adult in the custody or control of the child that would have a grudge against the accused offender or that there was any attempt to coach her into making false charges. I'm going to find the statement . . . falls under the rule for child hearsay in criminal cases, and that the motion to produce the child for cross-examination at the hearing will be denied.

Appellant raises two challenges to the trial court's findings. First, appellant argues that the trial court failed to determine that G.B. was "unavailable" pursuant to Rule 804(b) of the Arkansas Rules of Evidence. In *Smith v. State*, 303 Ark. 524, 798 S.W.2d 94 (1990), we held that the requirement that there be a showing that a child witness was "unavailable" at trial was met when the trial court concluded that "the child witness, being two and one-half years old, was incapable of communicating with the jury, and, hence, tantamount to being unavailable." *Id.* Similarly, in the case now before us, the trial court was presented with evidence that established that G.B., who was only three years old, and who had a difficult time verbalizing responses to questions and remaining "focused" on issues, was incapable of communicating with a jury. Clearly, the trial court concluded that G.B. was an unavailable witness, and we cannot say that it abused its discretion.

Next, appellant argues that the trial court relied on erroneous factual findings when it determined that the statements G.B. related to Ms. Dickerson possessed sufficient guarantees of trustworthiness. Appellant's contention is misplaced. The trial court's findings were based on the evidence presented at the pre-trial hearing and the factors set out in Rule 804(b)(7)(A). Specifically, the evidence established and the trial court found: (1) that G.B.'s statement was spontaneous; (2) that G.B. did not have the ability to use time to fabricate her statement; (3) that G.B.'s statement included terminology that would not typically be used by a child; (4) that the events described in G.B.'s statement were not normally described by a child; (5) that G.B. repeated her statement several times without recanting the events described; and (6) that there was no evidence of a grudge against appellant by any adult with control over G.B. that would have led G.B. to fabricate her statement. Because the trial court properly considered

the factors articulated in Rule 804, and because the evidence and arguments presented at the hearing supported the trial court's findings, we cannot say that the trial court abused its discretion by denying appellant's motions.

In appellant's final point on appeal, he contends that the trial court erred by refusing to instruct the jury on two offenses that he considered to be lesser-included offenses of rape. Specifically, appellant argues that sexual indecency with a child as provided in Ark. Code Ann. § 5-14-110 (Supp. 2001) and sexual assault in the fourth degree as provided in Ark. Code Ann. § 5-14-127 (Supp. 2001) are lesser-included offenses of rape as defined by Ark. Code Ann. 5-14-103.

Before addressing the merits of appellant's contentions, we note that we cannot consider appellant's arguments as they relate to Ark. Code Ann. § 5-14-127 because appellant failed to proffer the requested jury instruction below. See *Watson v. State*, 329 Ark. 511, 951 S.W.2d 304 (1997) (holding that an appellant who seeks reversal based on the failure to instruct the jury as requested by the appellant must present a record showing a proffer of the requested instruction). However, because appellant proffered a jury instruction regarding Ark. Code Ann. § 5-14-110, his argument relating to that offense was properly preserved.

We now consider whether the trial court erred by refusing to instruct the jury on the offense of sexual indecency with a child during appellant's trial. We have repeatedly stated that it is reversible error to refuse to instruct on a lesser-included offense when there is the slightest evidence to support the instruction. *Gaines v. State*, 354 Ark. 89, 118 S.W.3d 102 (2003). However, we have made it clear that we will affirm a trial court's decision not to give an instruction on a lesser-included offense if there is no rational basis for giving the instruction. *Id.*

In the case now before us, appellant was charged with violating Ark. Code Ann. § 5-14-103. Specifically, the criminal information alleged that appellant "unlawfully and feloniously. . . engaged in deviate sexual activity with another person who is less than fourteen years of age." At the time the offense occurred, Ark. Code Ann. § 5-14-103 provided:

(a)(1) A person commits rape if he engages in sexual intercourse or deviate sexual activity with another person:

(A) By forcible compulsion; or

* * *

(C)(I) Who is less than fourteen (14) years of age.

*Id.* Appellant argues that sexual indecency with a child is a lesser-included offense of rape. A person commits sexual indecency with a child if:

(1) Being eighteen (18) years old or older, the person solicits another person who is less than fifteen (15) years of age or who is represented to be less than fifteen (15) years of age to engage in sexual intercourse, deviate sexual activity, or sexual contact; or

(2)(A) With the purpose to arouse or gratify the sexual desires of himself or herself or those of any other person, the person purposefully exposes his or her sex organs to another person who is less than fifteen (15) years of age.

Ark. Code Ann. § 5-14-110.

 Mindful of the foregoing statutory provisions, we now determine whether sexual indecency with a child is a lesser-included offense of rape. The determination of when an offense is included in another offense depends on whether it meets one of the three tests set out in Ark. Code Ann. § 5-1-110(b) (Repl. 1997). *Owens v. State*, 354 Ark. 644, 128 S.W.3d 445 (2003). That statute provides:

(b) A defendant may be convicted of one offense included in another offense with which he is charged. An offense is so included if:

(1) It is established by proof of the same or less than all the elements required to establish the commission of the offense charged; or

(2) It consists of an attempt to commit the offense charged or to commit an offense otherwise included within it; or

(3) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpable mental state suffices to establish its commission.

*Id.*

 Pursuant to the test articulated in Ark. Code Ann. § 5-1-110(b)(1), sexual indecency with a child is not a lesser-included offense of rape because it requires additional elements which are not required to prove rape. Specifically, to establish sexual indecency with a child the State must prove: (1) that the defendant is at least eighteen years of age; (2) that the defendant solicited the victim; and (3) that the victim was less than fifteen years of age. These elements are not required to establish rape. Therefore, sexual indecency with a child is not a lesser-included offense of rape pursuant to Ark. Code Ann. § 5-1-110(b)(1).

 Additionally, sexual indecency with a child is not a lesser-included offense of rape pursuant to the test set out in Ark. Code Ann. § 5-1-110 (b)(2) because to commit the crime of sexual indecency with a child is not an attempt to commit rape.

 Finally, sexual indecency with a child is not a lesser-included offense of rape pursuant to the requirements of Ark. Code Ann. § 5-1-110 (b)(3) because the injury or risk of injury is the same for both offenses. Specifically, subjecting the victim to deviate sexual activity is the injury or risk of injury for both offenses. Because sexual indecency with a child is not a lesser-included offense of rape, the trial court did not err in refusing to instruct the jury on that offense.

### 4-3(h) Review

In compliance with Ark. Sup. Ct. R. 4-3(h), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to appellant, and no error has been found.

Affirmed.