2011 Ark. App. 597
**Vernell Renold CONLEY, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 10–1209.**

Court of Appeals of Arkansas.

Oct. 5, 2011.

Jason P. Kearney, Fayetteville, for appellant.

Dustin McDaniel, Atty. Gen., Rachel M. Hurst, Office of Atty. Gen., Little Rock, for appellee.

CLIFF HOOFMAN, Judge.

Appellant Vernell Conley appeals his convictions for delivery of a controlled substance (crack cocaine), possession of a controlled substance (marijuana), and posses-sion of drug paraphernalia. Conley argues that the evidence was insufficient to support his convictions and that the trial court erred in permitting prosecutorial misconduct and in failing to provide a curative instruction. We find no error and affirm.

Conley was tried before a jury on August 26, 2010, on the charges of delivery of a controlled substance (crack cocaine), possession of a controlled substance with the intent to deliver (marijuana), and possession of drug paraphernalia. Detective Jason French testified that the drug task force set up a controlled buy after receiving intelligence that Conley was selling cocaine. Undercover officers met Conley at a park on the night of September 15, 2009, and purchased cocaine from him. Detective Adam Howard had previously contacted Conley over the phone to arrange the buy, and he recognized Conley's voice upon meeting him. Howard also recognized Conley from a photograph that was shown to him before the buy. Howard was equipped with an audio recording and listening device. The audio recording was played in court, and Howard explained how the transaction occurred. Howard did not know the make and model of Conley's car at the time of the buy, but he was later told it was a Ford Focus. Detective Andy Lee posed as Howard's brother and was in the passenger side of Howard's car. Lee heard and saw the transaction and got a good look at Conley's face, although Conley never exited his car. Detective French heard the transaction through audio surveillance. He testified that the officers purchased three rocks, which was about one gram of cocaine.

Officers followed Conley back to where they had previously determined he lived. The vehicle seen at the buy, a red Ford Focus, was the vehicle in Conley's driveway. Conley was not arrested until November 6, 2009, at which time officers

brought him to his residence and law enforcement searched the home. Officers found marijuana and a set of digital scales in the home. A forensic chemist for the Arkansas State Crime Lab testified that the amount of cocaine purchased was 0.5813 grams, and the amount of marijuana found was 32.5 grams.

Conley moved for a directed verdict. He argued that the State failed to prove beyond a reasonable doubt his delivery of the cocaine. He also argued that the State failed to meet its burden of proof on the charge of possession with intent to deliver marijuana because there was no specific evidence as to the quantity of marijuana, and therefore, there was no presumption of intent to deliver. Conley also argued that the State never proved that he had possession of the marijuana or the drug paraphernalia. The court denied his motion. Conley did not call any witnesses in his defense, and he was subsequently found guilty of delivery of a controlled substance (crack cocaine), possession of a controlled substance (marijuana), and possession of drug paraphernalia. The jury found Conley not guilty of possession of a controlled substance with intent to deliver (marijuana).

At the sentencing phase of trial, the State introduced certified judgments showing that Conley had previously been convicted of four or more felonies and was thus a habitual offender. James Tucker, Conley's former parole officer, testified that in his opinion, Conley's chances of reform were very slim. Tucker stated that Conley was a career drug dealer and intended on doing that as long as he was released. Monica Conley, Conley's wife, testified that Conley handled the day-to-day operations of maintaining their home and caring for their children while she worked during the day. Conley was sentenced to sixty years' imprisonment for his

conviction for delivery of a controlled substance (crack cocaine), six years' imprisonment for his conviction for possession of a controlled substance (marijuana), and thirty years' imprisonment for his conviction for possession of drug paraphernalia. The possession offenses were directed to run concurrently to each other and consecutively to the offense of delivery of a controlled substance. Conley filed a timely notice of appeal.

Conley first argues that the trial court erred in refusing to grant his motion for directed verdict. A motion for directed verdict is treated as a challenge to the sufficiency of the evidence. *Tryon v. State*, 371 Ark. 25, 263 S.W.3d 475 (2007). When reviewing the sufficiency of the evidence, we determine whether there is substantial evidence to support the verdict, viewing the evidence in a light most favorable to the State. *Id.* Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id.*

Conley argues that the evidence introduced at trial to show that he sold crack cocaine to an undercover officer was inaccurate, inconsistent, and unreliable to the point that it could not compel a conclusion, without resorting to speculation and conjecture, that he committed the offense of delivery of a controlled substance. First, he challenges the evidence as to his identity. He points out that the controlled buy took place on a dark, rainy night; that none of the detectives had met him in person prior to the buy; and that one officer incorrectly referred to him as "Vernon" minutes prior to the buy. He also argues that none of the detectives were able to get a make or model of the car he allegedly occupied or a description of his clothing or general appearance. Conley

next complains about the audio recording of the controlled buy, arguing that the suspect's voice on the recording was almost entirely inaudible and that the audible parts contained no references to drugs or illegal activities. He argues that the jury was left with the detectives' interpretations of what the suspect was actually saying and the meaning of code words. Conley also argues that no money was found on him or during the search of his home; that he was never found to be in possession of crack cocaine; and that there was no testimony from other witnesses that he was known to sell crack cocaine.

The State argues that Conley did not make these arguments below, and therefore, they are not preserved for appellate review. For his directed-verdict motion on this charge, Conley argued that "the State has failed to prove beyond a reasonable doubt the Defendant's delivery of said cocaine," and that "there has been no showing of a prima facie case of delivery of a controlled substance crack." The State contends that Conley did not argue at trial that the evidence of delivery was inconsistent, inaccurate, or unreliable, and he did not challenge the proof of his identity.

A motion for directed verdict based on insufficiency of the evidence must specify the respect in which the evidence is deficient. Ark. R.Crim. P. 33.1(c) (2011). A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense. *Id.* Rule 33.1 is strictly construed. *Pratt v. State,* 359 Ark. 16, 194 S.W.3d 183 (2004). In order to preserve a challenge to the sufficiency of the evidence, an appellant must make a specific motion for a directed verdict that advises the trial court of the exact element of the crime that the State has failed to prove. *Id.* We have held that a general motion that merely asserts that the State has failed to prove its case is inadequate to preserve the issue for appeal. *Id.* In *Pratt,* the defense attorney stated that he moved for a directed verdict "based upon the fact that no evidence has been presented which should take the case to the jury." *Id.* The *Pratt* court concluded that the motion did not comply with Rule 33.1; thus, it could not consider the sufficiency argument on appeal. *Id.* We hold that Conley's directed-verdict motion was too general to preserve his arguments on the delivery of crack cocaine; thus, we affirm on this point.

Conley also argues that the State failed to adduce substantial evidence to show that he was ever in possession of the marijuana discovered in the laundry area of his home. He argues that the State failed to produce sufficient evidence of constructive possession because there was no other factor linking him to the marijuana found in his jointly occupied home. He suggests that the marijuana was placed there by someone other than the home's occupants and claims that there were conflicting descriptions of how much marijuana was found and where it was found in the home.

The State argues that Conley's argument is barred from review because he did not make this specific argument below. Conley was charged with possession of marijuana with intent to deliver, but he was found guilty of the lesser-included offense of possession of marijuana. In his directed-verdict motion, Conley made an argument regarding the presumption for intent to deliver; however, regarding the evidence of possession, he simply stated that "the State never proved Mr. Conley had the marijuana in his possession when they found it." The State argues that this directed-verdict motion was too general to preserve his present constructive-possession and additional-linking-factor argu-

ment. We agree and hold that Conley's directed-verdict motion was too general to advise the trial court of the exact element of the crime he believed the State had failed to prove—constructive possession. *See Pratt*, 359 Ark. at 24, 194 S.W.3d at 188. Thus, Conley failed to preserve a challenge to the sufficiency of the evidence for his conviction of possession of marijuana.

Conley also argues that there was insufficient evidence produced at trial to show that he possessed the digital scale. He argues that the home was jointly occupied and that the laundry area where it was found was accessible to anyone. He argues that there was no evidence of drug residue found on the scales or any other factor that would show that he had control, access, or management over the scales. For his directed-verdict motion on this charge, Conley argued that the State "failed to meet [its] burden of proof regarding the charge of possession of drug paraphernalia. Specifically the State has failed to put forth proof beyond a reasonable doubt the Defendant possessed drug paraphernalia, specifically the digital scale." We again hold that Conley's motion was too general to preserve his argument regarding constructive possession. *See Pratt*, 359 Ark. at 24, 194 S.W.3d at 188.

■ For his last point on appeal, Conley argues that the trial court erred in permitting prosecutorial misconduct and in failing to provide a curative instruction to jurors after inappropriate remarks were made by the prosecutor. Conley's argument concerns questioning by the State of Conley's wife during the sentencing phase at trial. On cross-examination of Ms. Conley, the following colloquy occurred:

PROSECUTION: Ms. Conley, your husband is a drug dealer.

DEFENSE: Objection, Your Honor. That's argumentative.

PROSECUTION: It's a fact.

THE COURT: Well, let's just move forward.

PROSECUTION: As a drug dealer he makes money?

WITNESS: I'm unaware of the money.

Conley now argues that, in addition to being argumentative, this line of questioning was unnecessary and repetitive as he had just been convicted of a number of drug-related charges, the State had just introduced judgments of his previous drug convictions, and his history as a convicted drug dealer was not contested. Conley argues that "it is clear from surrounding circumstances that these questions constituted improper insinuations and assertions calculated to mislead and inflame the jury, as opposed to any good faith attempt to uncover facts or opinions from the witness." Conley claims that, although his attorney objected in a timely fashion, it is "unclear" whether his objection was sustained, and the prosecutor was permitted to continue along the same argumentative line of questioning. Conley contends that the court should have instructed the jury to disregard the prosecutor's comments, but he claims that this would not have cured the prejudice caused by the cumulative nature of the prosecutor's conduct. He claims that he was denied a fair sentencing phase at trial and that the court's sentence must be vacated.

■ Although Conley objected when the State called him a drug dealer, he did not obtain a ruling on that objection. Instead, the trial court simply stated, "Well, let's just move forward." It is the defendant's responsibility to obtain a clear ruling from the court, and we do not consider issues where the defendant has failed to do so. *Taylor v. State*, 2010 Ark. 372, 372 S.W.3d 769. Furthermore, Conley did not argue

below that the statement was unnecessary, repetitive, or intended to mislead and inflame the jury; thus, these arguments are barred as a party cannot change the grounds for an objection on appeal. *Ellison v. State*, 354 Ark. 340, 123 S.W.3d 874 (2003). We affirm.

Affirmed.

VAUGHT, C.J., and BROWN, J., agree.