Cite as 2020 Ark. App. 73

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CR-19-651

| | | |
|---|---|---|
| | | **OPINION DELIVERED:** FEBRUARY 5, 2020 |
| JESSIE STEEN | APPELLANT | APPEAL FROM THE DESHA COUNTY CIRCUIT COURT [NO. 21ACR-18-66] |
| V. | | HONORABLE QUINCY ROSS, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED |

## ROBERT J. GLADWIN, Judge

Jessie Steen was convicted in the Desha County Circuit Court of sexual assault in the second degree, and he was sentenced to sixty months' probation. On appeal, he argues that insufficient evidence supports his conviction. We affirm because he failed to preserve his argument for appellate review.

Steen was charged by criminal information with two counts of sexual assault in the second degree based on his alleged actions against his girlfriend's two minor daughters, T.B. and A.D., and he was tried by a jury on April 23, 2019. At the close of the State's presentation of evidence, Steen's counsel moved for a directed verdict as follows:

> I would like to make a motion for a directed verdict at this time simply that the State has not met its burden of proving the defendant has done all the alleged acts involved with sexual assault, second-degree, particularly, the act of sexual gratification. There was no proof presented on that and I believe that is the limit of that, Your Honor.

The trial court denied the motion. After Steen's proof, which included his testimony and that of the children's mother, defense counsel stated, "I renew my motion for directed verdict." The trial court denied the motion. The jury returned with a guilty verdict on the count related to T.B. and found Steen not guilty on the count related to A.D. Steen was sentenced to five years' probation and a $5,000 fine.

He appeals, arguing that the trial court erred and abused its discretion when it denied his motions for directed verdict. He contends that the only evidence presented was the testimony of two very young children, one of whom admitted having been coached by her grandmother the night before trial—the same grandmother who had aggressively sought possession of the child and had obtained an order of protection preventing the mother from seeing her two young daughters. He claims that there was no other evidence to support the young children's allegations. Further, he argues that the State failed to submit evidence of his age, which is a necessary element of the offense of sexual assault in the second degree.[1]

In order to preserve a challenge to the sufficiency of the evidence in a jury trial, a criminal defendant must make a motion for directed verdict at the close of the evidence offered by the prosecution and at the close of all the evidence. Ark. R. Crim. P. 33.1(a) (2019). A motion for directed verdict shall state the specific grounds therefor. *Daniels v. State*, 2018 Ark. App. 334, 551 S.W.3d 428. Without a trial court ruling on a specific motion, there is nothing for this court to review. *Id*. Failure to abide by these procedural

---

[1]A person commits sexual assault in the second degree if the person is eighteen years of age or older and engages in sexual contact with another person who is less than fourteen years of age and is not the person's spouse. Ark. Code Ann. § 5-14-125(a)(3)(A)−(B) (Supp. 2019).

rules renders any question of the sufficiency of the evidence waived on appeal. *Id.*; Ark. R. Crim. P. 33.1(c). An appellant must make a specific motion for a directed verdict that advises the trial court of the exact element of the crime that the State has failed to prove. *Conley v. State*, 2011 Ark. App. 597, 385 S.W.3d 875. Rule 33.1 is strictly construed. *Pratt v. State*, 359 Ark. 16, 194 S.W.3d 183 (2004).

Steen's directed-verdict motion was that the State had not met its burden of proving that he had done "all the alleged acts involved with sexual assault, second-degree, particularly the act of sexual gratification." He did not mention the sufficiency of T.B.'s testimony or the absence of evidence establishing his age. Thus, the issues argued on appeal are not preserved for appellate review. *Daniels*, *supra*.

Affirmed.

HARRISON and WHITEAKER, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.

3