Cite as 2022 Ark. App. 44

# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CR–21–366

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** February 2, 2022 |
| THOMAS BLANTON | | APPEAL FROM THE CRAWFORD |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. 17CR-19-991] |
| V. | | |
| | | HONORABLE MARC MCCUNE, |
| | | JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## BART F. VIRDEN, Judge

A Crawford County jury convicted appellant Thomas Blanton of failing to comply with registration and reporting requirements as a sex offender, and he was sentenced as a habitual offender to twenty years' imprisonment. Blanton argues that the trial court erred in denying his directed-verdict motion because the State failed to prove its case against him. We affirm Blanton's conviction.

## I. *Background*

On January 12, 2007, Blanton pleaded guilty to sexual assault in the fourth degree. He was placed on probation and required to register as a sex offender pursuant to Ark. Code Ann. § 12-12-909(a)(1) (Supp. 2021). Before a change of address within the state, a sex offender must report the change of address to the local law enforcement agency having jurisdiction no later than five calendar days before the sex offender establishes residency or is temporarily domiciled at the new address. Ark. Code Ann. § 12–12–909(b)(1)(A). A person who fails to report a change

of address is guilty of a Class C felony. Ark. Code Ann. § 12-12-904(a)(1)(A)(ii) (Supp. 2021). The sex-offender-registration requirements are mandatory, and failure to comply is a strict–liability offense. *Fleming v. State*, 2014 Ark. App. 235.

Testimony at the trial revealed the following. Detective Jay Baker and Sergeant Jonathan Wear with the Van Buren Police Department went to 503 Pine Street on September 30, 2019, looking for a suspect in an unrelated theft case. They both testified that the residence was vacant and under construction. Although they did not go inside, they looked through uncovered windows and saw that there was no furniture. They testified that the residence appeared to be empty and concluded that no one lived there. On a sex-offender-registration form dated July 29, 2019, Blanton had reported his address as 503 Pine Street in Van Buren. Baker attempted to contact Blanton at two telephone numbers he had provided on his registration, but Baker was not successful. Deputy Desaray Ganz, who worked at the Crawford County Detention Center, testified that she had booked Blanton into jail on October 24, 2019, and that he had provided 715 N. 25th Street, Apartment 108, in Van Buren as his current address. A year after the initial charges had been filed against him, Blanton again reported his address on a registration form as 503 Pine Street.

> At the close of the State's case, defense counsel made the following motion:
>
> Judge, we would ask for a directed verdict. The State has not proved their prima facie case that Mr. Blanton on September 30th failed or refused to [inaudible] within five days per the Statute, to change his address.

The trial court denied the motion. Because the defense did not put on any evidence, counsel renewed the directed-verdict motion, making virtually the same argument as in the original motion. The trial court denied this motion as well. The jury convicted Blanton of failure to comply with sex-offender registration and reporting requirements.

## II. *Discussion*

Blanton argues that, while the State may have proved that the residence at 503 Pine Street was vacant, that does not exclude the reasonable hypothesis that he did, in fact, reside at the residence—regardless of its lack of furnishings and state of reconstruction. According to Blanton, the jury was forced to speculate that he lived elsewhere.

In a jury trial, if a motion for directed verdict is to be made, it shall be made at the close of the evidence offered by the prosecution and at the close of all of the evidence. Ark. R. Crim. P. 33.1(a). The appellate courts strictly construe Rule 33.1. *Steen v. State*, 2020 Ark. App. 73, 595 S.W.3d 47. A motion for directed verdict based on insufficiency of the evidence must specify the respect in which the evidence is deficient. Ark. R. Crim. P. 33.1(b). A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency. *Id.*

Blanton's motions for directed verdict were timely but lacked the specificity required by Rule 33.1. His argument on appeal has evolved from the general motion he made at trial. Our law is clear that a party is bound by the scope and nature of his directed-verdict motion and cannot change the grounds on appeal. *Scott v. State*, 2015 Ark. App. 504, 471 S.W.3d 236. Accordingly, we cannot address the merits of Blanton's argument and thus affirm his conviction.

Affirmed.

GLADWIN and WHITEAKER, JJ., agree.

*Dusti Standridge*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Senior Ass't Att'y Gen.; and *Clayton Orr*, Ass't Att'y Gen., for appellee.