BRANDON J. HARRISON, Judge 1, Frank Schermerhorn appeals two convictions for possessing or viewing matter depicting sexually explicit conduct involving a child. A Van Burén County jury convicted him of two counts and acquitted him oj’ thirteen counts. He was sentenced to six concurrent terms of imprisonment. Here, Schermerhorn argues that the statute under which he was convicted, Arkansas Code Annotated section 5-27-602, is unconstitutionally overbroad and “void for vagueness” because the law criminalizes inadvertent and innocent viewing of illegal explicit material. Because Schermerhorn’s constitutional challenge was not properly preserved, we affirm the jury’s decision without addressing the merit of his argument. i—( Sehermerhorn has not challenged the sufficiency of the State’s evidence, so a description of the underlying facts of this case is unnecessary. The statute at issue, Ark. Code Ann. § 5-27-602, states in part, |<>(a) A person commits distributing, possessing,- or viewing of- matter depicting sexually explicit conduct involving a child if the person knowingly: (1) Receives for the purpose of selling or knowingly sells, procures, manufactures, gives, provides, lends, trades, mails, delivers, transfers, publishes, distributes, circulates, disseminates, presents, exhibits, advertises, offers, or agrees to offer through any means, including the Internet, any photograph, film, videotape, computer program or file, video game, or any other reproduction or reconstruction that depicts-a-child or incorporates the image of a child engaging in sexually explicit conduct; or (2) Possesses or views through any means, including on the Internet, any photograph, film, videotape, computer program or file, computer-generated image, video game, or any other reproduction that depicts a child or incorporates the image of a child engaging in sexually explicit conduct. Schermerhorris constitutional challenge arose during an in camera hearing on the second day of the jury trial. No written motion or brief was ever submitted on the issue. All that is in the record is the following bench conference. Defense Counsel: This was something else too I did want to bring up and I’m not sure when the appropriate time is but I think those statutes are unconstitutional because it says possess or view and I think you might can raise that at any time whether it is unconstitutional or not. Court: Well, don’t we have to recess until the AG’s office has a chance to respond? Defense Counsel: It is at that point, I guess. Court: ... I really think if someone is going to challenge the constitutionality of the statute, I think the AG’s office has to be noticed and have an opportunity to respond ... [T]he Attorney General is supposed to defend the statute. Defense Counsel: I just can’t do that at the appeal level? | ¡¡Court: Well, I don’t think they can do it now is the thing, but I mean clearly you are claiming that you consider it unconstitutional ... and I’m guessing the State says it is constitutional ... I see nothing to suggest that it is unconstitutional'and I think there is a procedure that needs to be followed and I’m afraid it has not[.] [S]o for both procedural and substantive reasons I’m going to deny the motionf.] As the discussion continued, the prosecuting attorney asked defense counsel to clarify the basis for the constitutional challenge—whether it was for possession or viewing. Defense Counsel: Yes, the view part, I mean, there are times that you can’t help but view it and then in the Federal code if you delete it, delete it immediately that’s a defense but here it is if you have seen it, you are guilty so I think that is over broad. [[Image here]] State: His argument is that the Statute is unconstitutional is not the same because how can he because of this possession oh viewing and problem with this case is that there is evidence that the jury can look that he intentionally viewed, intentionally possessed all fifteen images. As applied to this case it is not reasonable. The issue of intent is, I think, where you are going here and if a person immediately believes it ' that he somehow brought himself outside the criminal prosecution and saying the statute is unconstitutional and the problem with this case is we have evidence to show he held on to these for four or five months. Couht: Well, in general I would say that I think that given the context of the statute, that the word “view,” I think the meaning of how the word view is interpreted and I think that it would mean something more than an involuntary viewing of something, something flashing up. I think that the term view would require a certain amount of I mean, looking at it and I think that—the decision on that would have to be made from the facts so that is in' general, in particular, I agree with [the prosecuting 1 ¿attorney's] regard to the statute as applied to this particular case[.] II. We first consider whether the constitutional issue, Schermerhorn has raised on appeal was preserved for our review; the State has specifically raised the issue. An ironclad rule of law is that an appellant must raise an issue in the circuit court and support it with a sufficient argument and legal authority, if there is any, to preserve it for an appeal. Raymond v. State, 354 Ark. 157, 162, 118 S.W.3d 567, 571; (2003). This is true even when the issue concerns the constitutionality of a statute. Id. If a particular theory was not presented to and ruled upon by the circuit court; then the theory will -not be reviewed on appeal. Id, In other words, an appellant has the burden of providing a record sufficient to demonstrate reversible error. Id. ■ The State contends that Schermerhorn has “waived his constitutional challenge because he did not file a motion in the circuit court challenging the statute’s constitutionality, he did not notify the Attorney General of his constitutional challenge, nor did he present to the circuit court any legal authority in support of his constitutional challenge.” Whether the Attorney General’s office received sufficient notice that Schermerhorn was challenging the constitutionality of Ark. Code Ann. § 5-27-602 is not a question we must answer in this case because, even if notice was required and Schermerhorn met the requirement, he still failed to adequately develop and support his constitutional challenge. We cannot judge Schermerhorn’s constitutional argument because he did not adequately develop it in the circuit court. He never specifically identified what protected | ^constitutional right, was allegedly violated; nor, did he name the United States or the Arkansas constitution, or both. Because no constitution (state or federal) was named in the arguments, we have no. reference to any particular constitution, much less any developed argument from a particular provision of either the state or federal constitutions. Schermer-horn did not even cite a case or some secondary legal authority to the circuit court to support his general objection to the statute—not during any- court colloquy or in any motion or brief filed with the court. No standard of constitutional review was mentioned to the circuit court. All this means the circuit court did not have a particular constitutional provision before it, much less did it receive “the benefit of development of the law” on the “pivotal” point of whether Ark. Code Ann. § 5-27-602 is unconstitutional based on federal or state constitutional law. See Raymond, 354 Ark. at 162, 118 S.W.3d at 571. On appeal, we have a little more than what he provided to the circuit court; but even now Schermerhorn has yet to identify a constitution that was violated. Challenging the constitutionality of a statute, regardless of the challenge’s merit, requires more than what has been put forward before this court will address it. Because we do not reach the merit of the purported constitutional challenge, the convictions are affirmed. Affirmed. GLOVER, J., agrees. VAUGHT, J., concurs.