N. MARK KLAPPENBACH, Judge
Appellant Sherry Lashay Woods was convicted of the second-degree murder of Jeffrey Baker, and the jury sentenced her to thirty years in prison. Woods admitted that on October 5, 2016, she stabbed Baker with a knife during an altercation with her and her two teenage sons. Baker died as a result. Woods argues on appeal that the trial court erred in denying her motion for directed verdict on the second-degree-murder charge, asserting that she was justified in defending herself and her sons and that she was acting under extreme emotional disturbance. The State contends that appellant's arguments are not preserved for appellate review. Because we agree with the State that appellant's arguments are not preserved for appellate review, we affirm without reaching the merits of appellant's arguments.
In a challenge to the sufficiency of the evidence, we review the evidence in the light most favorable to the State and consider only the evidence that supports the conviction. Cluckv. State, 226 S.W.3d 780 (2006). Evidence is sufficient if it is of such character and force that it, with reasonable certainty, compels a conclusion one way or the other without resort to speculation or conjecture. Id. The credibility of witnesses is an issue for the jury. Kinsey v. State , 2016 Ark. 393, 503 S.W.3d 772. The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. Id.
In order to preserve a challenge to the sufficiency of the evidence in a jury trial, a criminal defendant must make a motion for directed verdict at the close of the evidence offered by the prosecution and at the close of all the evidence. Ark. R. Crim. P. 33.1(a) (2016). A motion for directed verdict shall state the specific grounds therefor. Maxwell v. State , 373 Ark. 553, 559, 285 S.W.3d 195, 200 (2008). Without a circuit court ruling on a specific motion, there is nothing for this court to review. Id. Failure to abide by these procedural rules renders any question of the sufficiency of the evidence waived on appeal. Ark. R. Crim. P. 33.1(c) ; Bradley v. State , 2013 Ark. 58, 426 S.W.3d 363. An appellant must make a specific motion for a directed verdict that advises the trial court of the exact element of the crime that the State has failed to prove. Conley v. State , 2011 Ark. App. 597, 385 S.W.3d 875. Rule 33.1 is strictly construed.
*834 Pratt v. State , 359 Ark. 16, 194 S.W.3d 183 (2004).
Here, appellant's attorney made the following motion for directed verdict at the close of the State's evidence:
I have a Motion for Directed Verdict. I do not think the state has met the element of murder in the second degree in that they have failed to prove it. Ms. Woods knowingly caused the death of uh, Jeffrey Baker. I think there has been testimony that she was defending her uh, defending her sons, and that she tried to break this up and stop this several times, and I do not think the state has met their burden that she knowingly caused the death of someone under the circumstances manifesting extreme indifference to the value of human life, or for the purposes of causing serious physical injury caused the injury caused the death of someone else.
The prosecutor argued that the motion should be denied. The trial court responded that it knew that appellant's defense was justification but that this would be a fact question for the jury to determine. The trial court denied appellant's directed-verdict motion. After appellant testified in her own defense, her attorney renewed the motion for directed verdict, which was again denied.
The jury was subsequently instructed that Woods was asserting justification as a defense to the charge of second-degree murder or the lesser-included offense of manslaughter. The jury was instructed that this was a defense only if Woods reasonably believed that the deceased was committing or about to commit a felony with force or violence and if Woods only used such force as she reasonably believed was necessary. The jury instruction further provided that
Woods would not have been justified in using deadly physical force if she knew that the use of deadly physical force could be avoided with complete safety by retreating. However, she is not required to retreat if she is in her dwelling or on the curtilage surrounding her dwelling, and is not the original aggressor.
The jury returned a guilty verdict on second-degree murder, and this appeal followed. Woods argues on appeal that Baker was known to have a history of domestic violence with his girlfriend and that he was aggressive, highly intoxicated, and violent on that date, justifying her use of deadly force. Woods also asserts that she regularly carried protection, such as a taser or knife, when she walked from her house, and she was only protecting her two sons who were engaged in an altercation with Mr. Baker. We cannot reach these arguments.
A party cannot enlarge or change the grounds for an objection or motion on appeal but is bound by the scope and nature of the arguments made at trial. Kinsey, supra. In Mr. Kinsey's appeal of his murder convictions for killing two men with a machete, Kinsey argued that there was insufficient evidence to sustain his convictions because the State failed to negate his defense of justification. Mr. Kinsey argued on appeal that the State failed entirely to address his claim of self-defense and did not offer any evidence disproving that the deceased men were the aggressors. Mr. Kinsey also contended that any evidence the State presented was not of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. The State responded that Mr. Kinsey's argument was not preserved for review. Our supreme court agreed with the State because, in his directed-verdict motion, Mr. Kinsey failed to identify specifically how the State's proof was insufficient to meet its burden. Mr. Kinsey argued *835 in his motion for directed verdict that "the State has failed to negate self defense" or "disprove" it. The supreme court concluded:
The State asserts that Kinsey did not preserve the issue for review because he did not identify the specific elements he alleged were lacking to the circuit court to preserve the issue for this court's review; rather, Kinsey made only a general motion. Here, based on the record before us, Kinsey generally argued that the State failed to negate self-defense, but in his directed-verdict motion, Kinsey failed to identify specifically how the State's proof was insufficient to meet its burden-e.g., whether the State failed to show that Kinsey lacked a reasonable belief that the victims were about to use deadly force; whether the State failed to demonstrate that Kinsey could not have retreated safely; or whether the State failed to demonstrate that the victims were not committing, or were about to commit, a felony involving force or violence. Accordingly, Kinsey did not identify the specific elements to the circuit court that he now claims the State did not meet and therefore did not preserve the issue for review. Thus, we do not reach the merits on this point and affirm the circuit court.
Kinsey , 2016 Ark. 393, at 9, 503 S.W.3d at 777-78.
Likewise, in the present appeal, Woods argued only that she was "defending her sons." There was no focused argument regarding any specific element that the State failed to disprove, as outlined in the Kinsey appeal. Woods did not address the elements of justification as delineated in the jury instruction. A general motion does not satisfy the requirements of specificity mandated in Rule 33.1. Our appellate courts have been steadfast in holding that we will not address the merits of an appellant's insufficiency argument when the directed-verdict motion is not specific. Reynolds v. State , 2018 Ark. App. 8, 538 S.W.3d 223.
Woods additionally argues that she was acting under the influence of extreme emotional disturbance for which there was a reasonable excuse. Woods did not argue in any fashion in her motion for directed verdict that she was acting under the influence of such an extreme emotional disturbance. Moreover, "extreme emotional disturbance" applies only with regard to manslaughter, and Woods agrees that the jury was properly instructed to consider manslaughter.
We affirm the conviction for second-degree murder.
Affirmed.
Virden and Harrison, JJ., agree.