MIKE MURPHY, Judge
Appellant Shawn Newman appeals his January 22, 2018 conviction of disorderly conduct. On June 7, 2017, Newman was charged in the Pope County District Court with harassment and disorderly conduct stemming from events occurring in May 2017. The district court found him guilty. Following his appeal to the circuit court, a Pope County jury acquitted him of harassment but found him guilty of disorderly conduct. Newman was sentenced to two days' jail time and ordered to pay a $ 500 fine. On appeal, he argues that the evidence was insufficient to support a conviction for disorderly conduct, that the disorderly conduct statute is overbroad, and that his prosecution violated his rights under the First Amendment. We affirm.
The evidence at trial established the following. In 2015, Brenda Ringhardt and her husband confronted their neighbor Newman and asked that he stop playing his music so loudly and if he could stop playing it at 10:00 p.m. Ringhardt's house and Newman's house were separated by a thick wooded area. After that conversation, the situation improved for a few months, but then the music got louder and more frequent. In November 2016, Brenda Ringhardt called the Pope County Sherriff's Office to complain about Newman playing his music too loudly. The situation improved until May 2017.
On May 2, 2017, at 11:00 p.m., Ringhardt was awakened by the sound of Newman's voice over a public-address system. His speech was slurred, and the yelling was loud and angry. Ringhardt called 911 at 11:07 p.m. and told the operator she thought there was a domestic disturbance in her neighborhood. Ringhardt continued to listen to Newman and realized that Newman was directing his speech to her and her husband calling them profanities. She called 911 three more times when the screaming got louder.
Three Pope County Sheriff's Deputies arrived outside near the Ringhardt residence between 11:30 p.m. and midnight that night. They did not make contact with Newman, but they described hearing "incoherent rambling" and a "drunken rant." Newman also broadcasted the national anthem. After about ten minutes, the noise stopped.
The noise resumed the next day. According to Ringhardt, the noise was much as it had it been the day before. The *112 screaming and the national anthem lasted from 2 p.m. until 10 p.m. Another neighbor, Judy Crouch, called the sheriff's office about the noise. She testified that while there were brief breaks, she heard the loud noise from the time she got home at 5:30 p.m. until around 10 p.m.
At the jury trial, the circuit court denied Newman's directed verdict motions and the jury acquitted him of harassment but found him guilty of disorderly conduct. Newman then moved for judgment notwithstanding the verdict on the disorderly conduct conviction, which was also denied. Newman now appeals.
A motion for directed verdict is a challenge to the sufficiency of the evidence. Vaughan v. State , 2018 Ark. App. 439, at 5, 555 S.W.3d 922, 925. In a challenge to the sufficiency of the evidence, this court considers only the evidence that supports the conviction in the light most favorable to the State and determines whether the verdict is supported by substantial evidence. Id. Substantial evidence is evidence that is forceful enough to compel a conclusion beyond suspicion or conjecture. Id. Weighing the evidence, reconciling conflicts in the testimony, and assessing credibility are all matters exclusively for the trier of fact. Id. A jury may accept or reject any part of a witness's testimony, and its conclusion regarding credibility is binding on the appellate court. Id.
To preserve a challenge to the sufficiency of the evidence in a jury trial, a criminal defendant must make a motion for directed verdict at the close of the evidence offered by the prosecution and at the close of all the evidence. Ark. R. Crim. P. 33.1(a) (2016). A motion for directed verdict shall state the specific grounds therefor. Woods v. State , 2018 Ark. App. 256, 548 S.W.3d 832. Without a circuit court ruling on a specific motion, there is nothing for this court to review. Id. Failure to abide by these procedural rules renders any question of the sufficiency of the evidence waived on appeal. Id. An appellant must make a specific motion for a directed verdict that advises the circuit court of the exact element of the crime that the State has failed to prove. Id. Rule 33.1 is strictly construed. Id.
Here, Newman made the following motion for directed verdict at the close of the State's evidence:
Your Honor, when someone is home and they're in their home and on their property, there's a strong presumption that their rights are stronger at that point. We weigh these people's rights based on where they are. I mean, if they're in a crowded theater, you don't have a lot of free speech rights in a private theater. You don't have as much right to privacy or the right not to be subjected to an unlawful search or seizure. In your home, you have a lot and as the evidence developed, as the facts have come out, both of these statutes as written or as applied would be unconstitutionally overbroad today.
...
The only testimony here is that they thought it was too loud, everyone thought it was too loud. We believe that to move forward and allow this to go based on the evidence that's on the record would violate Mr. Newman's right to free speech on his own property, his right to privacy, his right to not be subjected to unlawful search and seizure. Both statutes are overly broad and vague and unconstitutional as applied.
The circuit court denied the motion. After Newman testified, his counsel renewed the directed verdict motion which was again denied. The jury was instructed that in order to establish disorderly conduct, *113 the following elements must be met: (1) that appellant made "unreasonable or excessive noise" and (2) that he did so "with the purpose to cause public inconvenience, annoyance, or alarm or recklessly creating a risk of public inconvenience, annoyance, or alarm."
On appeal, Newman is now arguing that the first element was not met because the State failed to prove he made unreasonable or excessive noise. Newman did not address this specific element of disorderly conduct below. A general motion does not satisfy the requirements of specificity mandated in Rule 33.1. Our appellate courts have been steadfast in holding that we will not address the merits of an appellant's insufficiency argument when the directed-verdict motion is not specific. Reynolds v. State , 2018 Ark. App. 8, 538 S.W.3d 223.
Next, Newman asserts that his conviction must be reversed because the disorderly conduct statute was unconstitutionally overbroad as applied to him. While Newman did claim the statute was overly broad in his motions below, the circuit court rejected the claim without hearing a response from the State. In Schermerhorn v. State , 2016 Ark. App. 395, 500 S.W.3d 181, we held that the appellant failed to preserve for appellate review his argument that the child-pornography statute was unconstitutionally overbroad and void for vagueness. There, we explained,
An ironclad rule of law is that an appellant must raise an issue in the circuit court and support it with a sufficient argument and legal authority, if there is any, to preserve it for an appeal. Raymond v. State , 354 Ark. 157, 162, 118 S.W.3d 567, 571 (2003). This is true even when the issue concerns the constitutionality of a statute. Id. If a particular theory was not presented to and ruled upon by the circuit court, then the theory will not be reviewed on appeal. Id. In other words, an appellant has the burden of providing a record sufficient to demonstrate reversible error. Id.
As in Schermerhorn , Newman failed to adequately develop and support his constitutional challenge. Newman fails to identify and make clear whether the constitutional violation involved the Arkansas Constitution, the United States Constitution, or both. He also fails to cite to any case law in his motion below. Based on his vague, undeveloped argument coupled with the fact that the State did not respond below, we hold that challenging the constitutionality of a statute, regardless of the challenge's merit, requires more than what has been put forward in this case before this court will address it.
Lastly, Newman argues the disorderly conduct statute was unconstitutional as applied to him because he was prosecuted and convicted based on the substance of his speech in violation of the First Amendment. Again, this claim is not preserved for our review. Newman did not make this specific argument below. At most, he argued in the circuit court that his conviction would violate his "right to free speech on his own property[.]" That argument differs, however, from his current claim that he was being impermissibly prosecuted based on the content of his speech. Only those specific arguments raised below will be entertained on appeal, even those of constitutional dimension. E.g. , Green v. State , 365 Ark. 478, 501-02, 231 S.W.3d 638, 656-57 (2006).
Because we do not reach the merits of Newman's points on appeal, the conviction is affirmed.
Affirmed.
Abramson and Harrison, JJ., agree.