Cite as 2020 Ark. App. 393

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CR–19–714

| | | |
|---|---|---|
| | | **Opinion Delivered:** September 9, 2020 |
| SHAWN CURTIS | | APPEAL FROM THE SALINE |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. 63CR-18-44] |
| V. | | HONORABLE GRISHAM PHILLIPS, |
| | | JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Shawn Curtis was convicted by a Saline County Circuit Court jury of Class B felony nonsupport. He was sentenced to serve a term of eighty-four months' incarceration in the Arkansas Department of Correction. On appeal, appellant argues that the evidence is insufficient to support his conviction. We affirm.

At trial, following the close of the State's case, appellant moved for a directed verdict. The following exchange took place.

APPELLANT'S COUNSEL:   Your Honor, at this point in time the Defense comes forward and would move for a directed verdict under 526-401. Client is charged with nonsupport and the elements require that he fails to provide support to a legitimate child who is less than 18 years of age. I don't know at this point in time there's been any dispute about the amount being greater than $25,000 as been provide [sic] by the testimony so far. But with respect to the elements of him failing to provide support to a legitimate child less than 18, we would move for a direct verdict in

| | |
|---|---|
| | that the State has not made a—has not sustained its burden of proof with respect to those particular elements of the offense. |
| THE COURT: | Which element do you think the State has not made a prima facie case on? |
| APPELLANT'S COUNSEL: | That he failed to provide support. That would be one thing that they haven't established, haven't made a fact issue on failing to provide support. And also that it was a legitimate child who is less than 18 years of age. I mean don't know what proof there's really been of that at all. I mean there was a document entered but I don't recall any evidence of the child being legitimate and who all it was born to and all that. |
| THE COURT: | Okay. Well, that last witness testified about the child being his child. I believe. Is that correct, Mr. Clary? |
| THE STATE: | It is, Judge, and State's Exhibit 1 outlines that Mr. Curtis is the father of Miss Cross and it lists Miss Cross date of birth which is under 18 years of age. |
| THE COURT: | And Mr. Dailey was also asked about the birth date of the child which was 11/13/06. So with regard to not meeting the elements of the case your motion is denied. |

At the close of all the evidence, appellant renewed his directed-verdict motion, which was again denied.

A motion for a directed verdict is a challenge to the sufficiency of the evidence.[1] In a challenge to the sufficiency of the evidence, we review the evidence in the light most favorable to the State and consider only the evidence that supports the conviction.[2] Evidence is sufficient if it is of such character and force that it, with reasonable certainty,

[1]*Lewis v. State*, 2016 Ark. App. 257, 492 S.W3d 538.

[2]*Woods v. State*, 2018 Ark. App. 256, 548 S.W.3d 832.

compels a conclusion one way or the other without resort to speculation or conjecture.[3] The credibility of witnesses is an issue for the jury and the trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence.[4]

In order to preserve a challenge to the sufficiency of the evidence in a jury trial, a criminal defendant must make a motion for directed verdict at the close of the evidence offered by the prosecution and at the close of all the evidence.[5] A motion for directed verdict shall state the specific grounds therefor.[6] An appellant must make a specific motion for a directed verdict that advises the circuit court of the exact element of the crime that the State has failed to prove.[7] Failure to abide by these rules renders any question of the sufficiency of the evidence waived on appeal.[8]

Here, appellant has submitted an appellate brief containing an argument section that is devoid of any substance or "argument," if you will. Essentially, the argument consists entirely of the following two conclusory sentences. "The prosecution failed to prove that Mr. Curtis is $25,000 or more behind on his child support obligations. The prosecution

---

[3]*Id.*

[4]*Kinsey v. State*, 2016 Ark. 393, 503 S.W.3d 772.

[5]Ark. R. Crim. P. 33.1(a) (2019).

[6]*Maxwell v. State*, 373 Ark. 553, 285 S.W.3d 195 (2008).

[7]*Conley v. State*, 2011 Ark. App. 597, 385 S.W.3d 875.

[8]Ark. R. Crim. P. 33.1(c); *Bradley v. State*, 2013 Ark. 58, 426 S.W.3d 363.

failed to prove that the minor child is the child of Mr. Curtis." Appellant does not provide any further elaboration, argument, or support for his conclusory statements. An appellate court will not make a party's argument for him or her or consider an argument that is not properly developed.[9] Therefore, to the extent that appellant's directed-verdict motion is adequate to preserve the sufficiency challenge for our review, he has brought forth no argument on appeal for this court to consider, and we affirm.

Affirmed.

VIRDEN and HARRISON, JJ., agree.

*Jones Law Firm*, by: *Parker Jones* and *John A. Butler*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.

---

[9] *See Pokatilov v. State*, 2017 Ark. 264, 526 S.W.3d 849.