Cite as 2021 Ark. 85

# SUPREME COURT OF ARKANSAS

No. CV-20-559

| | | |
|---|---|---|
| RANDALL T. MCARTY | | **Opinion Delivered:** April 15, 2021 |
| | APPELLANT | PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT |
| V. | | [NO. 40CV-20-86] |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | | HONORABLE JODI RAINES DENNIS, JUDGE |
| | APPELLEE | AFFIRMED. |

**BARBARA W. WEBB, Justice**

In 1993, appellant Randall T. McArty was found guilty of first-degree murder and sentenced to life imprisonment. This court affirmed his conviction. *McArty v. State*, 316 Ark. 35, 871 S.W.2d 346 (1994). McArty now appeals from the denial and dismissal of a petition for writ of habeas corpus filed in the county of his incarceration pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). McArty essentially contends that the trial court lacked jurisdiction to sentence him in excess of the "mandatory maximum determinate sentence" of forty years' imprisonment for first-degree murder when he was sentenced to life imprisonment for the crime. Because McArty failed to establish he was entitled to issuance of the writ, we affirm the circuit court's order.

I. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacked jurisdiction over the case. *Foreman v. State*, 2019

Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

A petitioner who does not allege his or her actual innocence and proceeds under Act 1780 of 2001, must show either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Jones v. Kelley*, 2020 Ark. 290. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

## II. *Standard of Review*

A circuit court's decision on a petition for a writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Ratliff v. Kelley*, 2018 Ark. 105, 541 S.W.3d 408.

III. *Claim for Relief*

McArty contends that the trial court lacked jurisdiction to sentence him to life imprisonment, which is in excess of the mandatory maximum determinate sentence of forty years' imprisonment. McArty claims that Arkansas Code Annotated section 5-4-401(a) utilizes the word "shall," which is a mandatory dictate that limits the maximum determinate sentence for a class Y felony to forty years.[1] Essentially, McArty contends that the sentence of life imprisonment is illegal on its face because it is in excess of the mandatory determinate sentence of forty years for a class Y felony. McArty fails to state a basis for issuance of the writ.

Here, the life sentence imposed on McArty was clearly within the sentencing range for the offense of first-degree murder. *See* Ark. Code Ann. § 5-4-401(a) (Repl. 1993) (A defendant convicted of a class Y felony shall be sentenced to a determinate sentence of not less than ten and not more than forty years, or life.); *see also* Ark. Code Ann. § 5-10-102(c) (Repl. 1993). The jury sentenced McArty to the ultimate maximum sentence, i.e., life imprisonment, which admittedly exceeded the maximum determinate sentence of forty years. *E.g., Midgett v. State*, 292 Ark. 278, 731 S.W.2d 774 (1987). Contrary to McArty's assertion that he was required to be sentenced to a "determinate" sentence, the maximum sentence for a class Y felony includes life imprisonment. *See Green v. State*, 2016 Ark. 386,

---

[1] On appeal, McArty argues that an application of the plain-language and strict-construction standards of statutory construction compel the conclusion that the use of "shall" is a mandatory directive. To the extent that McArty expands on his claim made below to encompass an argument for statutory interpretation, we will not address an argument of statutory interpretation for the first time on appeal. *Sullivan v. State*, 2012 Ark. 74, 386 S.W.3d 507.

at 6, 502 S.W.3d 524, 528 (A life sentence is for "the natural life of the person sentenced and is not based upon mortality tables or any other formula."). Because McArty was sentenced within the permitted statutory range for first-degree murder, which is a class Y felony, he has failed to state a claim for issuance of the writ of habeas corpus.

Affirmed.

*Randall T. McArty*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.