Cite as 2022 Ark. 90

# SUPREME COURT OF ARKANSAS

No. CR–93–1071

| | |
|---|---|
| RANDALL THOMAS MCARTY<br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>RESPONDENT | **Opinion Delivered:** April 14, 2022<br><br>PRO SE FOURTH PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR A WRIT OF ERROR CORAM NOBIS AND MOTION FOR APPOINTMENT OF COUNSEL<br>[CLARK COUNTY CIRCUIT COURT, NO. 10CR-92-111]<br><br>PETITION AND MOTION DENIED. |

**BARBARA W. WEBB, Justice**

Petitioner Randall Thomas McArty brings this pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in his criminal case. It is the fourth such petition that McArty has filed in this court. McArty also seeks to have counsel appointed to represent him in the coram nobis proceeding.

In the petition, McArty contends that he has obtained newly discovered evidence to establish that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by concealing from him the full contents of his criminal case file, including the full report of the medical examiner. Because McArty has failed to demonstrate a *Brady* violation or to otherwise establish sufficient grounds for issuance of the writ, the petition and the motion for appointment of counsel are denied.

## I. *Background*

In 1993, McArty was found guilty of the first-degree murder of Teresa Chamberlain and sentenced to life imprisonment. We affirmed his conviction in *McArty v. State*, 316 Ark. 35, 871 S.W.2d 346 (1994). At the time of the crime, McArty and Chamberlain shared a home, and the shooting occurred during an argument. Evidence adduced at trial showed that McArty had expressed a desire to kill Chamberlain and entered the residence with the loaded shotgun used to inflict a fatal gunshot wound on her. After the shooting, McArty called the sheriff from a neighbor's house and admitted that he had shot Chamberlain. McArty testified at trial that he shot Chamberlain in self-defense when she attacked him with a knife. Daniel Blasingame, who was staying at McArty's home, heard Chamberlain call out before the shot was fired, and when he entered the kitchen, he saw her body on the floor and McArty holding the shotgun. While the police found a knife in Chamberlain's hand, Blasingame testified that he did not see a knife when he entered the room. Under the State's theory of the case, McArty had placed the knife in Chamberlain's hand to support his claim of self-defense.

## II. *Writ of Error Coram Nobis*

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The

function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999). A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The burden is on the petitioner in the application for coram nobis relief to make a full disclosure of specific facts relied upon and not to merely state conclusions as to the nature of such facts. *McCullough v. State*, 2017 Ark. 292, 528 S.W.3d 833.

While allegations of a *Brady* violation fall within one of the four categories of fundamental error that this court has recognized in coram nobis proceedings, the fact that a petitioner alleges a *Brady* violation alone is not sufficient to provide a basis for error coram nobis relief. *Jackson v. State*, 2017 Ark. 195, 520 S.W.3d 242. To merit relief on a claim of a *Brady* violation, a petitioner must demonstrate that there is a reasonable probability that the judgment of conviction would not have been rendered or would have been prevented had the information been disclosed at trial. *Id.* There are three elements of a *Brady* violation:

(1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Carner v. State*, 2018 Ark. 20, 535 S.W.3d 634. Before the court can determine whether a *Brady* violation has occurred, the petitioner must first establish that the material was available to the State prior to trial and that the defense did not have it. *Id.*

### III. *Claims for Relief*

McArty asserts that the State withheld the full criminal case file and the full medical examiner's report, which would have shown that there were two wounds to Chamberlain's chest, only the second of which was fatal, and that he inflicted the first nonfatal wound in self-defense. He also contends that if he had had access to all the information concerning his case, he could have established that he had an alibi for the time when the second fatal shot was fired. He further asserts that with the full information he could successfully have argued at trial that he was under extreme emotional disturbance at the time of the shooting and was, thus, only guilty of manslaughter. In short, McArty alleges that he inflicted one nonfatal wound to Chamberlain and that he could have challenged the medical examiner's and Blasingame's testimony to such a degree that there is a reasonable probability that the outcome of the trial would have been different.

The claims raised by McArty are largely a repetition of those raised in his second coram nobis petition filed in 2003. In the 2003 petition, he also alleged that the State withheld the medical examiner's full report, which would have revealed that the victim died from two shotgun wounds. We noted when the petition was denied that defense counsel

4

examined the medical examiner at length concerning the forensic evidence that Chamberlain was shot in the chest at relatively close range. McArty testified at trial that Chamberlain was shot when she approached him with a knife, and he tried to push her away with the barrel of the shotgun. We further noted that McArty's allegations pertaining to not having the full information needed to challenge the medical examiner did not negate the compelling evidence adduced at trial that he had told a friend that he wanted to kill Chamberlain, that he entered the residence with a loaded shotgun, and that he admitted to a police officer that he shot Chamberlain. *McArty v. State*, CR-93-1071 (Ark. Oct. 16, 2003) (per curiam).

In his third coram nobis petition filed in 2009, McArty contended that the State had not disclosed a preliminary coroner's report that set out the time of Chamberlain's death. He alleged that if he had had access to that report, he could have established an alibi for the time of the murder. *McArty v. State*, CR-93-1071 (Ark. April 23, 2009) (per curiam). McArty's claim in the petition before us today concerning a possible alibi defense amounts to a variation on the 2009 claim of an alibi.

The only real distinction between the allegations in the current petition and those McArty has raised in earlier petitions is his claim that he now has possession of a more complete criminal case file and medical examiner's report. While he contends that the material is "newly discovered evidence," the fact remains that McArty has not established that any of his claims are sufficient to demonstrate that there was a *Brady* violation that denied him a fair trial.

McArty has fallen far short of overcoming the presumption that the judgment of conviction is valid. He has not established that there is a reasonable probability that the judgment of conviction would not have been rendered or would have been prevented had any specific information that was concealed from the defense been disclosed at trial. Rather, McArty has, at least in part, employed a coram nobis proceeding to argue that the evidence was insufficient to sustain the judgment in his case. Claims that challenge the sufficiency of the evidence are not a ground for the writ. *Williams v. State*, 2021 Ark. 190, 632 S.W.3d 734.

Petition and motion denied.

WOOD, J., concurs.

**RHONDA K. WOOD, Justice, concurs**. I agree with the majority's result, yet I differ on the analysis. Over the years, McArty has used the FOIA to obtain records from the State Crime Laboratory. In 2003 and 2009, he claimed that the information disclosed was unknown to him, and had it been known, it might have allowed him to present a better defense.

Now, after this latest FOIA request, McArty has a more complete autopsy report, which he claims contains even more information that, if known, would have entitled him to present a different defense. McArty's new petition for the writ does not simply repeat earlier ones but has a new angle following the release of further information.

Yet his petition ultimately fails because he cannot show that his defense counsel did not have any of this material at trial. In fact, the trial record suggests the opposite based on his defense counsel's lengthy cross-examination of the medical examiner. The State Crime

Laboratory's prior decisions not to release information pursuant to a FOIA request is not synonymous with the State not disclosing the evidence at trial to defense counsel. For this reason alone, McArty failed to show material evidence was withheld by the State. I would deny the petition.

*Randall Thomas McArty*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for respondent.