Cite as 2024 Ark. App. 555

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-24-62

| | | |
|---|---|---|
| WILLIE TAYLOR, JR. | APPELLANT | Opinion Delivered November 6, 2024 |
| V. | | APPEAL FROM THE DREW COUNTY CIRCUIT COURT, [NO. 22CR-21-231] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE |
| | | AFFIRMED |

**MIKE MURPHY, Judge**

Appellant Willie Taylor, Jr., was convicted of the first-degree murder of Kelly Coleman, and the jury sentenced him to serve a term of forty-five years in prison. On appeal, Taylor argues the State failed to negate his justification defense. The State contends that Taylor's argument is not preserved for appellate review. Because we agree with the State that his arguments are not preserved for our review, we affirm without reaching the merits of Taylor's argument.

Evidence at trial established that on the afternoon of August 21, 2021, Taylor and Coleman—a man unknown to Taylor—had a verbal altercation in front of Taylor's house. Keshaun Howell testified that he intended to visit with Taylor, and as he pulled up to Taylor's house, Coleman drove up in a truck, got out, and walked up to where Taylor was

standing outside of the house.  Renee Johnson, Taylor's neighbor and an acquaintance of Coleman, was passing by at this time. She intervened, and Coleman ultimately drove away. Taylor then got into Howell's car parked in Taylor's driveaway and had a conversation with him. Soon after, as Taylor and Howell were still talking, Coleman pulled up behind them in the car. Coleman rolled his window down and said, "You thought this was over. It ain't over until I say it's over." According to Howell, Taylor then got out of the car and walked to the rear of it, where he took out his pistol and placed it on the trunk of the car. Johnson again ran over to prevent Coleman from interacting with Taylor, but Coleman broke free and attacked Taylor. Coleman punched Taylor's neck forcefully twice. Taylor then grabbed his gun and fatally shot Coleman.

In moving for directed verdict at the conclusion of the State's evidence, Taylor argued that the State had not met its burden of proof that Taylor, with the purpose to kill Coleman, did in fact kill Coleman. The circuit court denied Taylor's motion. In renewing his motion for directed verdict, Taylor argued his "purpose was not to kill [Coleman], but to defend him—get him off of him so that's what happened. It wasn't like he aimed at him." The court again denied that motion. Following the guilty verdict and sentencing, Taylor appealed.

A motion for directed verdict is treated as a challenge to the sufficiency of the evidence. *Kinsey v. State*, 2016 Ark. 393, 503 S.W.3d 772. In reviewing a challenge to the sufficiency of the evidence, we assess the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Id.* This court will affirm a judgment of conviction if substantial evidence exists to support it. *Id.* Substantial evidence is evidence

2

of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resorting to speculation or conjecture. *Id.*

In order to preserve a challenge to the sufficiency of the evidence in a jury trial, a criminal defendant must move for directed verdict at the close of the evidence offered by the prosecution and at the close of all the evidence. Ark. R. Crim. P. 33.1(a). A motion for directed verdict shall state the specific grounds therefor. *Maxwell v. State*, 373 Ark. 553, 559, 285 S.W.3d 195, 200 (2008). Without a circuit court ruling on a specific motion, there is nothing for this court to review. *Id.* Failure to abide by these procedural rules renders any question of the sufficiency of the evidence waived on appeal. Ark. R. Crim. P. 33.1(c). An appellant must make a specific motion for a directed verdict that advises the circuit court of the exact element of the crime that the State has failed to prove. *Johnson v. State*, 2021 Ark. App. 207. Rule 33.1 is strictly construed. *Id.*

On appeal, Taylor argues that the State failed to introduce substantial evidence that negated his theory of self-defense. This argument is not preserved for our review because Taylor focuses solely on his justification defense, which was not specifically argued in his motions for directed verdict.

In *Kinsey*, our supreme court held that the appellant's argument that the State failed to negate his justification defense was not preserved for review because he made only a general motion to the circuit court and did not identify specifically how the State's proof was insufficient to meet its burden. 2016 Ark. 393, 503 S.W.3d 772. The court noted that the specific elements would include "whether the State failed to show that [the appellant] lacked

3

a reasonable belief that the victims were about to use deadly force; whether the State failed to demonstrate that [the appellant] could not have retreated safely; or whether the State failed to demonstrate that the victims were not committing, or were about to commit, a felony involving force or violence." *Id.* at 9, 503 S.W.3d at 778; *see also Woods v. State*, 2018 Ark. App. 256, at 4, 548 S.W.3d 832, 835 (holding that the appellant failed to preserve her sufficiency argument on her justification defense when she made a general motion that she was "defending her sons").

Likewise, in the present appeal, there was no focused argument regarding any specific element that the State failed to disprove, as outlined in the *Kinsey* appeal. Our appellate courts have been steadfast in holding that we will not address the merits of an appellant's insufficiency argument when the directed-verdict motion is not specific. *Woods v. State*, 2018 Ark. App. 256, at 5, 548 S.W.3d 832, 835.

Affirmed.

GRUBER and BARRETT, JJ., agree.

*James Law Firm*, by: *William O. "Bill" James, Jr.*, and *Drew Curtis*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

4