Cite as 2025 Ark. App. 207

# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CR-24-260

| | |
|---|---|
| RANDALL MCARTY<br><br>               APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>               APPELLEE | **Opinion Delivered** April 9, 2025<br><br>APPEAL FROM THE CLARK COUNTY CIRCUIT COURT<br>[NO. 10CR-92-160]<br><br>HONORABLE BLAKE BATSON, JUDGE<br><br>AFFIRMED |

## BRANDON J. HARRISON, Judge

Randall McArty, an inmate confined in the Ouachita Regional Correctional Unit, moved to intervene in this thirty-three-year-old criminal case and vacate the order sealing the record. He attached a bench warrant from his own Clark County case, CR-92-111, which ended when our supreme court affirmed his conviction for first-degree murder.[1] *McArty v. State*, 316 Ark. 35, 871 S.W.2d 346 (1994). The number CR-92-160 is written in the margin. McArty speculated about what this must mean, whose case it might be, and argued the unknown contents were "either exculpatory or impeaching evidence or both." Otherwise, he cited no relevant authority except *Arkansas Best Corp. v. General Electric Capital Corp.*, which recognized a general presumption of public access to court records.

---

[1]Well, "ended." In addition to McArty's petitions for writ of error coram nobis, *McArty v. State*, 2022 Ark. 90, 642 S.W.3d 611, he has filed a petition to correct an illegal sentence, *McArty v. State*, 2022 Ark. 126, and a petition for a writ of habeas corpus. *McArty v. Payne*, 2021 Ark. 85.

317 Ark. 238, 878 S.W.2d 708 (1994). McArty acknowledges here that he hopes to seek a writ of error coram nobis—relief our supreme court has denied him, on the record from his case, at least four times. *McArty v. State*, 2022 Ark. 90, 642 S.W.3d 611.

The circuit court denied the motion without explanation in an order styled "*State of Arkansas vs. John / Jane Doe*." McArty filed a notice of appeal, but nothing else.[2] He designated the whole record.

The record lodged here spans twenty-three pages, beginning with McArty's petition to proceed in forma pauperis. McArty moved this court for access to the sealed record and filed a petition for writ of certiorari to the same end. He "contend[ed] that access to the records is necessary in order to determine whether the circuit court erred in denying access and whether such a denial was prejudicial to him." We denied the motion and the petition. McArty then briefed the appeal on the merits, arguing the circuit court abused its discretion by declining to vacate the sealing order, or had lacked jurisdiction to enter it originally, under the facts he had speculated in circuit court.

We could not reverse those rulings on this record. The appellant's burden is to obtain a ruling we can review and provide a record that demonstrates error in (and usually prejudice from) that ruling. *E.g.*, *Schermerhorn v. State*, 2016 Ark. App. 395, 500 S.W.3d 181. If a record of proceedings in CR-92-160 still exists under seal, the circuit clerk did not include it in the record for appeal. So we don't know when or why it was sealed, or why the circuit court declined to unseal it. McArty raises new arguments on appeal, now

---

[2]The record ends 15 April 2024. It includes a letter from McArty filed March 28 requesting a hearing. The circuit court had denied his motion March 27.

invoking Ark. Sup. Ct. Admin. Order No. 19, but we do not consider arguments raised for the first time on appeal. All we can do is affirm.

Affirmed.

GLADWIN and HIXSON, JJ., agree.

*Randall Thomas McArty*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.