Cite as 2026 Ark. App. 62

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR–25–112

| | |
|---|---|
| TERRY LEROY LONG<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** February 4, 2026<br><br>APPEAL FROM THE SHARP COUNTY CIRCUIT COURT [NO. 68CR-23-108]<br><br>HONORABLE ROB RATTON, JUDGE<br><br>AFFIRMED |

## BRANDON J. HARRISON, Judge

Terry Leroy Long appeals his convictions for rape and argues that the circuit court erred in (1) allowing the use of a certified facility dog at trial and (2) denying his motion for a new trial. We affirm.

In August 2023, the State accused Long of rape by engaging in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. He was eventually charged with fourteen counts of rape and as a habitual offender.

On 1 November 2024, the State moved to allow use of a certified facility dog to accompany the minor victim, who was thirteen at the time of trial, during her testimony. The motion explained that the presence of the certified facility dog "may reduce anxiety" experienced by a child witness while testifying in a criminal trial and that the dog would remain out of the view of the jury during the child's testimony. At a hearing on the matter, defense counsel argued that the statute governing the use of certified facility dogs is likely

unconstitutional because it violates the separation-of-powers doctrine. Counsel asserted that the Arkansas Constitution gives sole authority to prescribe rules of procedure and practice in the courts to the Arkansas Supreme Court. The State responded that the statute has "been around for a long time" and is a "well-established practice." The court ruled that it would allow the use of the dog.

Long's case proceeded to trial, and a jury found him guilty on fourteen counts of rape. The jury recommended a sentence of forty years' imprisonment on each count to run consecutively, a total of 560 years' imprisonment, and the court imposed the recommended sentence. Long moved for a new trial, arguing that his sentence shocked the conscience and violated his due-process rights and the constitutional prohibition on cruel and unusual punishment, but his motion was deemed denied. Long has timely appealed.

Long first argues that the circuit court erred in allowing the use of a certified facility dog at trial. Arkansas Code Annotated section 16-43-1002(b) (Supp. 2023) provides that "if a certified facility dog is available . . . a child witness or vulnerable witness of the party shall be afforded the opportunity to have a certified facility dog accompany him or her while testifying in court." Long asserts that by reducing the minor victim's anxiety during her testimony, the dog's presence "artificially enhance[ed] the demeanor and credibility of the most crucial witness in the case." This robbed the jury of "important observable characteristics," Long contends, because behaviors associated with anxiety are often associated with deception. He also asserts that the use of a certified facility dog is "not in keeping with the spirit of the Sixth Amendment," which allows a defendant to test the credibility of his accuser.

The State responds that Long's arguments are not preserved for review because he failed to raise them to the circuit court. We agree that Long did not raise any Sixth Amendment argument below, nor did he argue that the use of the certified facility dog would artificially enhance the child victim's credibility. Issues raised for the first time on appeal, even constitutional ones, generally will not be considered. *Chandler v. State*, 2024 Ark. App. 260, 688 S.W.3d 170.

Long also argues that the statute violates the separation of powers established by the Arkansas Constitution. He notes that the Arkansas Supreme Court holds the power to establish practice and procedure in the circuit courts, and in *State v. Sypult*, 304 Ark. 5, 800 S.W.2d 402 (1990), the supreme court held that when the legislature enacts laws that conflict with rules of court, it would defer to the General Assembly only to the extent that the conflicting court rule's primary purposes and effectiveness are not compromised; otherwise, the court rules remain supreme. After listing a few more constitutional rights that he claims are violated by Ark. Code Ann. § 16-43-1002, Long concludes that the statute amounts to a "total abrogation of the constitutional right of a defendant to have a fair trial" and is therefore invalid.

The State suggests that Long failed to adequately develop and support his constitutional challenge below, which prevents this court from reaching the merits of his argument. An appellant must raise an issue in the circuit court and support it with sufficient argument and legal authority, if there is any, to preserve it for an appeal. *Schermerhorn v. State*, 2016 Ark. App. 395, 500 S.W.3d 181. This is true even when the issue concerns the constitutionality of a statute. *Id.* If a particular theory was not presented to and ruled upon

3

by the circuit court, then the theory will not be reviewed on appeal. *Id.* In other words, an appellant has the burden of providing a record sufficient to demonstrate reversible error. *Id.*

Long's constitutional challenge before the circuit court consisted of the following:

> [M]y only thoughts with respect to that matter at this point in time—this is only the second time I've actually seen this—this particular statute—is one of separation of powers in that this is a legislative enactment, and as I understand the Arkansas Constitution, it gives sole authority to prescribe rules of procedure and practice in the courts to the Arkansas Supreme Court, and I don't think this has gone through that route. So, I think the statute itself is likely and unconstitutional. And, no, I haven't had time to put the Attorney General on notice of that claim.

Although Long mentioned the separation of powers, he did not cite any provision of the Arkansas Constitution, any standard of constitutional review, or any case law or secondary authority to support his argument. *See Schermerhorn, supra.* Because Long failed to provide the circuit court with a developed argument on which to rule, we will not address the argument on appeal.[1]

Finally, Long argues that the circuit court erred in not granting his motion for new trial. He asserts, as he did below, that his sentence is "so shocking to the conscience, and so disproportionate that it violates both the 8th Amendment to the United States Constitution and Article 2, § 9 of the Arkansas State Constitution." He contends that the sentence indicates the jury's verdict and recommended sentence was based on sympathy, prejudice, or a dislike of him or his attorney. Long also asserts a violation of his right to due process under the Fifth Amendment to the United States Constitution and article 2, section

---

[1]We note that Long's argument on appeal is also underdeveloped and conclusory.

4

8 of the Arkansas Constitution. Due to these constitutional violations, he argues the circuit court should have granted him a new trial pursuant to Ark. Code Ann. § 16-89-130 (Repl. 2016).

The State recommends holding that Long's constitutional challenge to his sentence is not preserved because he failed to make a contemporaneous objection when the sentence was imposed. A contemporaneous objection to the circuit court's imposition of consecutive sentences is necessary in order to preserve an argument for appeal that the circuit court abused its discretion. *Buckley v. State*, 349 Ark. 53, 76 S.W.3d 825 (2002). A defendant who makes no objection at the time the sentence is imposed has no standing to complain about it. *Brown v. State*, 374 Ark. 324, 287 S.W.3d 587 (2008). The State asserts that Long failed to object when his sentence was imposed and that he cannot raise the argument for the first time in a motion for new trial. *See Merrill v. State*, 2024 Ark. App. 575, 702 S.W.3d 420 (an objection made for the first time in a motion for new trial is untimely).

Long replies that his motion for new trial "was a pending objection at the time of sentencing on November 26, 2024." Alternatively, his motion could be considered a petition for postconviction relief timely filed under Ark. R. Crim. P. 37. Long cites *Moore v. State*, 2014 Ark. 231 (per curiam), in support. In *Moore*, the appellant filed a pro se petition for reduction of sentence pursuant to Ark. Code Ann. § 16-90-111 (Repl. 2016) and alleged his sentence was excessive. The circuit court denied the petition and noted that the petition was also without merit if considered as a petition for postconviction relief. Moore's petition had been verified and timely filed, so the supreme court considered the appeal as the denial of Rule 37 relief.

We hold that Long's argument is not preserved for review because there was no contemporaneous objection made below. His claim that his motion was pending at the time of sentencing is inaccurate; he was sentenced by the court at the conclusion of his trial on 13 November 2024. That was his first opportunity to object, not when the court entered the sentencing order on November 26. His alternative argument to treat his motion as a Rule 37 petition is also unavailing. Unlike in *Moore*, Long's motion was not verified. A circuit court lacks jurisdiction to consider arguments raised in an unverified Rule 37.1 petition, *Williamson v. State*, 2012 Ark. 170 (per curiam), and when the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction. *Winnett v. State*, 2012 Ark. 404 (per curiam).

Affirmed.

TUCKER and THYER, JJ., agree.

*R.T. Starken*, for appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.